## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| MARY LALIBERTE and MARIE MCKNIGHT, individually and as representatives of a class of similarly situated persons, on behalf of the QUANTA SERVICES, INC. 401(K) SAVINGS PLAN, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 4:22-cv-03290 |
| v. | ) ) | |
| QUANTA SERVICES, INC.; THE BOARD OF TRUSTEES OF QUANTA SERVICES, INC.; THE QUANTA SERVICES, INC. 401(K) SAVINGS PLAN COMMITTEE; and DOES No. 1-20, Whose Names Are Currently Unknown, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## MOTION FOR THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE

OF COUNSEL:

Paul Lettow
Jordan L. Von Bokern
U.S. CHAMBER LITIGATION CENTER
1615 H Street, NW
Washington, DC 20062

Jordan Bock
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210

Jaime A. Santos (admitted *pro hac vice*)
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20036
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
jsantos@goodwinlaw.com

*Counsel for Amicus Curiae the Chamber of Commerce of the United States of America*

The Chamber of Commerce of the United States of America (Chamber) respectfully moves for leave to file a brief as amicus curiae in the above-captioned case in support of Defendants' motion to dismiss. The proposed amicus brief is attached as Exhibit A. Defendant has consented to the filing of this brief. Counsel for Plaintiff informed counsel for the Chamber that Plaintiff does not consent to the Chamber's motion.

District courts have broad "discretion to consider amicus briefing where the proffered information is timely and useful." *Does 1-7 v. Round Rock Ind. Sch. Dist.*, 540 F. Supp. 2d 735, 739 n.2 (W.D. Tex. Dec. 20, 2007); *see also United States ex rel. Long v. GS & M Idea City LLC*, 2014 WL 11321670, at \*4 (N.D. Tex. Aug. 8, 2014) (same). "There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful to or otherwise desirable to the court." *WildEarth Guardians v. Haalaland*, 561 F. Supp. 3d 890, 905 (C.D. Cal. Sept. 20, 2021); *see also Auto. Club of N.Y., Inc. v. Port Authority of N.Y. and N.J.*, 2011 WL 5865296, at \*1 (S.D.N.Y. Nov. 22, 2011) (recognizing that "[t]here is no governing standard" dictating "the procedure for obtaining leave to file an amicus brief in the district court").

The Chamber's amicus brief provides a unique perspective informed by its position as the world's largest business federation. The Chamber represents approximately 300,000 direct members and indirectly represents the interests of more than three million businesses and professional organizations of every size, in every industry sector, and from every region of the country. Many of the Chamber's members maintain, administer, or provide services to employee-benefit plans governed by ERISA. In fact, the Chamber's membership is unique because it includes representatives from all aspects of the private-sector retirement system, such as plan sponsors, asset managers, recordkeepers, consultants, and other service providers.

1

Since ERISA was enacted, the Chamber has played an active role in the law's development and administration. The Chamber regularly submits comment letters when the Department of Labor (DOL) engages in notice-and-comment rulemaking, provides information to the Pension Benefit Guaranty Corporation (PBGC) to support PBGC in its efforts to protect retirement incomes, submits comments to the Department of the Treasury on plan administration and qualification, and provides testimony to DOL's standing ERISA Advisory Council. *See, e.g.*, Electronic Disclosure by Employee Benefit Plans (Nov. 22, 2019), https://bit.ly/3CWJ8UE; Comments on the Interim Final Regulation for the Special Financial Assistance Program for Financially Troubled Multiemployer Plans (Aug. 10, 2021), https://bit.ly/3pvgpPJ; Permanent Relief for Remote Witnessing Procedures (Sept. 29, 2021), https://bit.ly/3yE5g3u; Statement of the U.S. Chamber of Commerce Regarding Gaps in Retirement Savings Based on Race, Ethnicity, and Gender (Aug. 27, 2021), https://bit.ly/3TmzbVL. The Chamber has also published literature proposing initiatives to encourage and bolster the employment-based retirement benefits system in the United States, and is frequently quoted as a resource on retirement policy. *See, e.g.*, Austin R. Ramsey, *Who Wins, Who Loses With Auto Retirement Savings Plan Proposal*, Bloomberg Law (Sept. 23, 2021), https://bit.ly/3Tg6g69; Jaclyn Diaz, *Retirement Industry Hustles to Keep Up With DOL's Rules Tsunami*, Bloomberg Law (Sept. 1, 2020), https://bit.ly/3MecArL.

Given its perspective and deep understanding of the issues involved in these cases, the Chamber regularly participates as amicus curiae in cases involving employee-benefit design or administration. *See, e.g.*, *Hughes v. Northwestern Univ.*, 142 S. Ct. 737 (2022) (standard for pleading fiduciary-breach claim involving challenges to defined-contribution plan line-ups and service-provider arrangements); *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409 (2014) (standard for pleading fiduciary-breach claim involving employer stock); *Smith v. CommonSpirit*

*Health*, 37 F.4th 1160 (6th Cir. 2022) (standard for pleading fiduciary-breach claim involving 401(k) plan fees and investment line-up); *Sweda v. Univ. of Pa.*, 923 F.3d 320 (3d Cir. 2019) (same);[1] *Meiners v. Wells Fargo Co.*, 898 F.3d 820 (8th Cir. 2018) (same).  District courts in a string of recent cases have granted the Chamber leave to participate as an amicus at the motion-to-dismiss stage.  As one court explained, "given the Chamber's experience with both retirement plan management and ERISA litigation, the Chamber can offer a valuable perspective on the issues presented in this matter."  *Sigetich v. The Kroger Co.*, No. 21-697 (S.D. Ohio July 22, 2022), ECF No. 47 (granting the Chamber's motion for leave to file over plaintiffs' opposition); *see also Baumeister v. Exelon Corp.*, No. 21-6505 (N.D. Ill. Mar. 11, 2022), ECF No. 44 (explaining that the Chamber's "proposed amicus brief could provide the Court wi[th] a broader view of the impact of the issues raised in the case"—"an appropriate basis to allow amicus participation"); *Locascio v. Fluor Corp.*, No. 22-154 (N.D. Tex. Oct. 20, 2022), ECF No. 63 (granting the Chamber's motion for leave to file over the plaintiffs' opposition); *Singh v. Deloitte LLP*, No. 21-8458 (S.D.N.Y. Apr. 14, 2022), ECF No. 41 (same); *Barcenas v. Rush Univ. Med. Ctr.*, No. 22-366 (N.D. Ill. Apr. 4, 2022), ECF No. 38 (same).  As these decisions reflect, amicus briefs are routinely accepted at the motion-to-dismiss stage, including from the Chamber itself.  *See, e.g.*, Order, *Texas v. Yellen*, No. 21-79 (N.D. Tex. Oct. 20, 2021), ECF No. 36 (granting the Chamber's motion for leave to file an amicus brief); Order, *Grady v. Hunt County, Tex.*, No. 16-1404 (N.D. Tex. July 7, 2016), ECF No. 20 (same).

Because of the Chamber's unique membership, which represents nearly all of those in the private-sector retirement community, the Chamber's collective knowledge about the management

---

[1] In *Sweda*, the Chamber's motion for leave to file an amicus brief was granted over the plaintiffs' opposition.

of retirement plans, the legal issues surrounding ERISA, and the types of allegations commonly included in these types of complaints extends beyond any single defendant or group of defendants named in a particular case.  The Chamber seeks to provide a broader perspective on the key threshold issue of when circumstantial allegations of a violation of ERISA are plausible in the context of plan-management decisionmaking and the overall context of ERISA class-action litigation.  And as the Supreme Court has instructed, that context is key—courts are supposed to undertake a "careful, context-sensitive scrutiny of [the] complaint's allegations," *Fifth Third*, 573 U.S. at 425, just as they are supposed to consider "context" in evaluating plausibility in all civil cases, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007); *see also Hughes*, 142 S. Ct. at 742 (explaining that the pleading standard articulated in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), applies to ERISA cases).

The Chamber's brief will therefore "contribute in clear and distinct ways" to the Court's analysis.  *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 764 (7th Cir. 2020) (granting the Chamber's motion for leave to file); *see also Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.) (an amicus brief may assist the court "by explain[ing] the impact a potential holding might have on an industry or other group") (quotation marks omitted).  "Even when a party is very well represented, an amicus may provide important assistance to the court." *Neonatology Assocs.*, 293 F.3d at 132.  And here, the Chamber's perspective and expertise will serve several functions courts have identified as useful: It "explain[s] the broader regulatory or commercial context" in which this case arises; "suppl[ies] empirical data" informing the issues at hand; and "provid[es] practical perspectives on the consequences of particular outcomes." *Prairie Rivers Network*, 976 F.3d at 763.

Specifically, the proposed amicus brief provides context regarding the recent surge in

4

ERISA litigation, describes similarities among these cases that help to shed light on Plaintiffs'
allegations here, and provides context for how to evaluate these types of allegations in light of the
pleading standard set forth by the Supreme Court in *Twombly* and *Iqbal*.  In particular, the brief
marshals examples from many of the dozens of recently filed cases to contextualize the issues
presented in this litigation.  These cases largely touch on issues that are relevant but adjacent to
the issues presented here, and therefore in many instances may not have been cited or discussed
by the parties.  Given the extensive collective experience of the Chamber's members in both
retirement-plan management and ERISA litigation, the Chamber offers a distinct vantage point
that it believes will be of value to the Court as it considers Plaintiffs' complaint and whether it
surpasses the plausibility threshold.

Finally, the proposed amicus brief is being filed well before Plaintiffs' opposition is due
and therefore will not delay resolution of this motion.  And although Plaintiffs in this case have
decided to oppose the Chamber's motion for leave to file, this Court has frequently permitted amici
to participate in its proceedings, including in cases where the proposed amicus lacked the consent
of both parties.  *See, e.g.*, *Barrera v. Wolf*, No. 20-1241 (S.D. Tex. Sept. 21, 2020), ECF No. 139;
*ODonnell v. Harris County*, No. 16-1414 (S.D. Tex. Mar. 30, 2017), ECF No. 271; *Polly v.
Houston Lighting & Power Co.*, 825 F. Supp. 135, 135 (S.D. Tex. 1993).

For these reasons, the Chamber respectfully requests that the Court grant it leave to
participate as amicus curiae and accept the proposed amicus brief, which accompanies this motion.

Dated: December 30, 2022                    Respectfully submitted,

OF COUNSEL:

Paul Lettow                                /s/ *Jaime A. Santos*
Jordan L. Von Bokern                       Jaime A. Santos (admitted *pro hac vice*)
U.S. CHAMBER LITIGATION CENTER             GOODWIN PROCTER LLP
1615 H Street, NW                          1900 N Street, NW
Washington, DC 20062                       Washington, DC 20036
                                           Telephone: (202) 346-4000
Jordan Bock                                Facsimile: (202) 346-4444
GOODWIN PROCTER LLP                        jsantos@goodwinlaw.com
100 Northern Avenue
Boston, MA 02210                           *Counsel for Amicus Curiae the Chamber of*
                                           *Commerce of the United States of America*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(D)(1), the undersigned hereby declares that she has conferred with counsel for both Plaintiffs and Defendants.  Defendants have consented to the filing of the Chamber's amicus brief.  Counsel for Plaintiff informed counsel for the Chamber that Plaintiff does not consent to the Chamber's motion.

Dated: December 30, 2022

*/s/ Jaime A. Santos*
Jaime A. Santos (admitted *pro hac vice*)
GOODWIN PROCTER LLP
1900 N Street, N.W.
Washington, D.C. 20036
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
jsantos@goodwinlaw.com

*Counsel for Amicus Curiae the Chamber of*
*Commerce of the United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Texas by using the court's CM/ECF system on December 30, 2022.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the court's CM/ECF system.


Dated: December 30, 2022

/s/ Jaime A. Santos
Jaime A. Santos (admitted *pro hac vice*)
GOODWIN PROCTER LLP
1900 N Street, N.W.
Washington, D.C. 20036
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
jsantos@goodwinlaw.com

*Counsel for Amicus Curiae the Chamber of Commerce of the United States of America*