UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARY LALIBERTE, *et al.*, § § **Plaintiffs,** § § v. § § QUANTA SERVICES, INC., *et al.*, § § **Defendants.** § | Case No: 4:22-cv-03290 |

**JOINT DISCOVERY/ CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

Please restate the instruction before furnishing the information.

1. **State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

   On January 20, 2023, John Roberts, counsel for Plaintiffs and Keri Engelman, counsel for Defendants, conferred pursuant to Fed. R. Civ. P. 23(f).

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   There are no cases related to the above-captioned matter.

3. **Briefly describe what the case is about.**

   Plaintiffs' Statement

   Plaintiffs bring this action individually and on behalf of the Quanta Services, Inc. 401(k) Plan (the "Plan") under ERISA §§ 404, 409, and 502, 29 U.S.C. §§ 1104, 1109, and 1132, against Defendants, Quanta Services, Inc., the Board of Trustees of Quanta Services, Inc., the Administrative Committee of the Quanta Services, Inc. 401(K) Plan, and Does No. 1-20, who are members of the Board or the Committee or other fiduciaries of the Plan and whose names are currently unknown, for breaches of fiduciary duty under ERISA and related violations of applicable law. In particular, Plaintiffs assert that Defendants were fiduciaries to the Plan under ERISA and breached certain of their fiduciary duties by maintaining the Fidelity Freedom Funds, American Beacon Small Cap Value Fund, and the DFA International Small Cap Value Fund as investments in the Plan, despite real time information disclosing the unsuitability of the funds, instead of other suitable and readily available investment alternatives. To remedy this fiduciary

breach and other violations of ERISA, Plaintiffs, individually and on behalf of the Plan, seek to recover all losses resulting from this breach of fiduciary duty and related violations. In addition, Plaintiffs seek such other equitable or remedial relief for the Plan as the Court may deem appropriate and just under all of the circumstances.

As explained in Plaintiffs' Opposition to Defendants' Motion to Dismiss, Dkt. 40, courts in every Circuit have denied similar motions to dismiss analogous claims when pled with the degree of detail and specificity in the Complaint. *See, e.g., Blackmon v. Zachry Holdings, Inc*., 2021 WL 2190907, at *7 (N.D. Tex. Apr. 22, 2021) (denying motion to dismiss analogous action challenging Freedom Funds); *In re Biogen, Inc. ERISA Litig*., 2021 WL 3116331, at *3 (D. Mass. July 22, 2021); *Tracey, et al. v. MIT*, 2017 WL 4478239, at *2 (D. Mass. Oct. 4, 2017); *Velazquez v. Massachusetts Fin. Servs. Co*., 320 F. Supp. 3d 252, 255 (D. Mass. 2018); *Falberg v. Goldman Sachs Group, Inc*., 2020 WL 3893285, at *11 (S.D.N.Y. July 9, 2020); *Pinnell v. Teva Pharms. USA, Inc*., 2020 WL 1531870, at *6 (E.D. Pa. Mar. 31, 2020); *Feinberg v. T. Rowe Price Group, Inc*., 2018 WL 3970470, at *7 (D. Md. Aug. 20, 2018); *Main v. Am. Airlines*, 248 F. Supp. 3d 786, 794 (N.D. Tex. Mar. 31, 2017); *Cassell v. Vanderbilt*, 285 F. Supp. 3d 1056, 1061 (M.D. Tenn. 2018); *Bell v. Pension Comm. Of ATH Holding Co., LLC*, 2017 WL 1091248, at *4 (S.D. Ind. Mar. 23, 2017); *Schultz v. Edward Jones*, 2018 WL 1508906, at *3 (E.D. Mo. Mar. 27, 2018); *Bouvy v. Analog Devices, Inc*., 2020 WL 3448385, at *3 (S.D. Cal. June 24, 2020); *Johnson v. Providence Health &amp; Servs., et al*., 2018 WL 1427421, at *6 (W.D. Wash. Mar. 22, 2018); *Troudt v. Oracle Corp*., 2017 WL 1100876, at *3 (D. Col. Mar. 22, 2017); *Henderson v. Emory Univ*., 252 F. Supp. 3d 1344, 1349 (N.D. Ga. May 10, 2017); *Sweda v. Univ. of Pennsylvania*, 923 F.3d 320, 334 (3d Cir. 2019); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 596-597 (8th Cir. 2009) (refusing to dismiss complaint where plaintiff alleged that defendants "did not change the options included in the Plan despite the fact that most of them underperformed the market indices they were designed to track").

<u>Defendants' Statement</u>:

In this putative class action, Plaintiffs allege that the fiduciaries of the Quanta Services, Inc. 401(k) Plan breached their ERISA fiduciary duties because they (1) offered the actively-managed Fidelity Freedom Funds ("Freedom Funds"), one of the most popular target-date funds ("TDFs") on the market, instead of the less-expensive passively-managed Fidelity Index Funds ("Index Funds") or a few "better performing" TDF suites available in the market; and (2) offered the American Beacon Small Cap Value Fund and the DFA International Small Cap Value Fund. The premise of Plaintiffs' Complaint is that the Freedom Funds cost more than the Index Funds and had lower three-year and five-year returns than their cherry-picked alternative TDFs as of a single date almost seven years ago. They also claim the American Beacon and DFA Funds underperformed their benchmark and a few other cherry-picked funds available in the market.

As explained in detail in Defendants' motion to dismiss, Dkt. 36, Plaintiffs fail to state an ERISA breach of fiduciary claim. First, Courts of Appeals have universally affirmed 12(b)(6) dismissals in similar investment challenges regarding TDFs – including the *same* TDFs at issue in this case – because differences in investment style, risks, strategies, and holdings render them not meaningful benchmarks for each other. See *Smith v. CommonSpirit Health*, 37 F.4th 1160, 1166 (6th Cir. 2022) (regarding the Freedom Funds); *Davis v. Salesforce.com Inc*., 2022 WL 1055557, at *2 n.1 (9th Cir. Apr. 8, 2022) (regarding JP Morgan target date funds); *Meiners v.

2

*Wells Fargo & Co.*, 898 F.3d 820, 823 (8th Cir. 2018) (regarding Wells Fargo and Vanguard target date funds). And just two weeks ago, Judge Starr from the Northern District of Texas dismissed an imprudence claim challenging a TDF—in a case brought by the same Plaintiffs' counsel. *See Locascio v. Fluor Corp.*, No. 3:22-cv-00154, Dkt. 68, at *15 (N.D. Tex. Jan. 18, 2023). The same result is warranted because the Complaint, too, fails to allege meaningful benchmarks. The Complaint alleges that the Freedom Funds invest in actively managed funds, but the Index Funds do not. And the Complaint has no facts about the glidepath, or equity holdings, or bond holdings of any of the other alternative TDFs. These are the same sort of comparisons that the Sixth, Eighth and Ninth Circuits rejected. As the Eighth Circuit explained: "[c]omparing apples and oranges is not a way to show that one is better or worse than the other." *Davis v. Washington Univ. in St. Louis*, 960 F.3d 478, 486 (8th Cir. 2020); *Meiners*, 898 F.3d at 823 ("The fact that one fund with a different investment strategy ultimately performed better does not establish anything about whether the [challenged funds] were an imprudent choice at the outset"). The same is true with respect to Plaintiffs' comparisons to the American Beacon and DFA Funds.

Moreover, even had Plaintiffs alleged meaningful benchmarks, "no authority requires a fiduciary to pick the best performing [or cheapest] fund." *Meiners*, 898 F.3d at 823. That is why "merely pointing to another investment that has performed better in a five-year snapshot of the lifespan of a fund that is supposed to grow for fifty years does not suffice to plausibly plead an imprudent decision." *Smith*, 37 F.4th at 1166. The Complaint offers nothing more here.

For these and the many other reasons set forth in detail in Defendants' motion to dismiss, Plaintiffs' Complaint should be dismissed with prejudice, negating any need for costly and burdensome discovery. As such, as explained below, the Parties request that the Court stay all discovery in this action until it resolves Defendants' pending motion. Defendants will be prepared to address the Court regarding their motion to dismiss at the upcoming February 10 conference.

Of course, Defendants deny any wrongdoing. If Plaintiffs survive the motion to dismiss, the evidence will establish the Plan fiduciaries followed a prudent process for selecting and monitoring the Freedom Fund TDFs, American Beacon Small Cap Fund, and DFA International Fund, including retaining consulting investment experts to give ongoing analysis, advice, and recommendations about these funds and regularly reviewing performance and a host of other information about these funds. The evidence also will establish the objective prudence of the challenged funds, including the Freedom Funds, which are among the most popular target date funds on the market. As a result, Plaintiffs will not be able to carry their burden of establishing a breach of fiduciary duty.

4.   **Specify the allegation of federal jurisdiction.**

Plaintiffs' Complaint asserts claims pursuant to ERISA and alleges this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5.   **Name the parties who disagree and the reasons.**

Defendants do not disagree there is federal jurisdiction over Plaintiffs' ERISA claims.

6.   **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

The Parties submit that the deadline for joining parties should be set for 90 days following the ruling on Defendants' motion to dismiss.

7.   **List anticipated interventions.**

The Parties do not anticipate any interventions at this time.

8.   **Describe class-action issues.**

Plaintiffs seek to certify the following class:

> "All participants and beneficiaries of the Quanta Services, Inc. 401(k) Savings Plan at any time on or after September 26, 2016, and continuing to the date the judgment, or such earlier date that the Court determines is appropriate and just, including any beneficiary of a deceased person who was a participant in the Plan at any time during the Class Period."

Defendants dispute that a class can be certified or that class certification is warranted.

The Parties propose that they jointly file a supplemental discovery plan within 14 days of any denial of Defendants' pending motion to dismiss which sets forth a proposed schedule for class certification briefing.

9.   **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The Parties have not exchanged initial disclosures pursuant to Rule 26(a). The Parties have agreed to exchange Rule 26(a) initial disclosures within 14 days of any denial of Defendants' motion to dismiss.

10.  **Describe the proposed agreed discovery plan, including:**

   A.   **Responses to all the matters raised in Rule 26(f).**

   1. <u>Rule 26(f)(3)(A): what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;</u>

   As explained above, the Parties propose exchanging Rule 26(a) initial disclosures within 14 days of any denial Defendants' motion to dismiss.

> 2. Rule 26(f)(3)(B): the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

The Parties discussed a stay of discovery while the motion to dismiss was pending, so as to avoid the costs and burdens of discovery and production of documents and information that Defendants contend are not needed to litigate the pending motion to dismiss.

Pursuant to those discussions, Plaintiffs were willing to agree to a stay of discovery if Defendants produced the following documents on a voluntary basis while the motion to dismiss is pending:

1) Chartering documents (including any amendments) of the Committee, and Committee minutes and materials prepared in connection with meetings that took place from September 26, 2016 to present;
2) Plan documents and amendments, summary plan descriptions, adoption agreements, and summaries of material modifications in effect from September 26, 2016 to present;
3) Copies of trust service agreements from September 26, 2016 to present;
4) ERISA § 404(a)(5) fee disclosures from September 26, 2016 to present;
5) ERISA § 408b-2(c)(1) fee disclosures from September 26, 2016 to present;
6) The Plan's investment policy statement(s) in effect from September 26, 2016 to present;
7) Any applicable insurance agreement(s) required to be provided under Federal Rule
of Civil Procedure 26(a)(1).

To reach a compromise, Quanta agreed to produce documents in categories two through seven of Plaintiffs' requests in exchange for a stay of all other discovery. Quanta was not willing, however, to produce the documents in category one relating to the Committee's fiduciary process over the last six (plus) years. That additional material is voluminous, would require significant time and expense to review prior to production, and is unnecessary for the pending motion to dismiss. *PBGC ex rel. St. Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 719 (2d Cir. 2013) ("[T]he prospect of discovery in a suit claiming breach of fiduciary duty is ominous, potentially exposing the ERISA fiduciary to probing and costly inquiries and document requests about its methods and knowledge at the relevant times. This burden, though sometimes appropriate, elevates the possibility that a plaintiff with a largely groundless claim [will] simply take up the time of a number of other people, with the right to do so representing an in terrorem increment of the settlement value, rather than a reasonably founded hope that the discovery process will reveal relevant evidence.") (internal quotations omitted).

The Parties also discussed proposed discovery-related deadlines. Given the pending motion to dismiss and the Parties' positions on a stay of discovery, the Parties forewent filing this Court's Proposed Scheduling Order and a detailed discovery plan. Subject to resolution of the above issue relating to category one, the Parties propose that following any denial of Defendants' motion to dismiss, they submit a joint discovery plan and Proposed Scheduling Order within 14

days setting forth a proposal for fact and expert discovery, as well as any other briefing deadlines (e.g., class certification, summary judgment). The Parties believe they will be better positioned to address the scope and timing of any necessary discovery once the Court has ruled on Defendants' motion, which may result in the narrowing of Plaintiffs' claims (if any claims survive at all).

> 3. Rule 26(f)(3)(C): any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

The Parties propose that all discovery be stayed, subject to the exchange of documents discussed *supra* at 5, pending Defendants' motion to dismiss, but to the extent discovery commences at a later date following any denial of such motion, they do not anticipate any issues relating to the disclosure or discovery of electronically stored information. To the extent necessary should discovery commence, the Parties agree to address such issues in the event they arise via meet and confer and further enter into an ESI protocol governing such issues if needed.

> 4. Rule 26(f)(3)(D): any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

The Parties propose that all discovery be stayed, subject to the exchange of documents discussed *supra* at 5, pending Defendants' motion to dismiss, but to the extent discovery commences at a later date following any denial of such motion, the Parties do not anticipate any issues with privilege and will enter into a protective order to protect confidential, private, or proprietary documents and/or information. To the extent necessary should discovery commence, the Parties further agree to address any such issues in the event they arise.

> 5. Rule 26(f)(3)(E): what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

The Parties propose that all discovery be stayed, subject to the voluntary exchange of documents discussed above *supra* at 5, pending Defendants' motion to dismiss, but to the extent discovery commences at a later date following any denial of such motion, the Parties will submit a supplemental joint discovery plan and Proposed Scheduling Order within 14 days (*supra* at 5) that will set forth whether they propose any changes to the limitation on discovery proposed by the Federal or Local Rules. At this time, the Parties do not anticipate any proposed changes.

> 6. Rule 26(f)(3)(F): any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

The Parties propose that all discovery be stayed, subject to the voluntary exchange of documents discussed above *supra* at 5, pending Defendants' motion to dismiss, but to the extent discovery commences at a later date following any denial of such motion, the Parties will submit a supplemental joint discovery plan and Proposed Scheduling Order within 14 days (*supra* at 5)

that will set forth whether they propose any other orders that should be entered by the court under Rule 12(c), Rule 16(b), or Rule 16(c). At this time, the Parties do not request a ruling on any other orders under Rule 26(c), 16(b), and (c).

      **B.    When and to whom the plaintiff anticipates it may send interrogatories.**

The Parties propose that all discovery be stayed, subject to the exchange of documents discussed *supra* at 5, pending Defendants' motion to dismiss, but to the extent discovery commences at a later date following any denial of such motion, the Parties will submit a supplemental joint discovery plan and Proposed Scheduling Order within 14 days (*supra* at 5) that will set forth when and to whom Plaintiffs anticipate serving interrogatories. At this time, should discovery commence, Plaintiffs anticipate they will send interrogatories to Defendants, Quanta Services, Inc., the Board of Trustees of Quanta Services, Inc., the Administrative Committee of the Quanta Services, Inc. 401(K) Plan, and Does No. 1-20.

      **C.    When and to whom the defendant anticipates it may send interrogatories.**

The Parties propose that all discovery be stayed, subject to the exchange of documents discussed *supra* at 5, pending Defendants' motion to dismiss, but to the extent discovery commences at a later date following any denial of such motion, the Parties will submit a supplemental joint discovery plan and Proposed Scheduling Order within 14 days (*supra* at 5) that will set forth when and to whom Defendants anticipate serving interrogatories. At this time, should discovery commence, Defendants anticipate they will send interrogatories to Plaintiffs Mary Laliberte and Marie McKnight.

      **D.    Of whom and by when the plaintiff anticipates taking oral depositions.**

The Parties propose that all discovery be stayed, subject to the exchange of documents discussed *supra* at 5, pending Defendants' motion to dismiss, but to the extent discovery commences at a later date following any denial of such motion, the Parties will submit a supplemental joint discovery plan and Proposed Scheduling Order within 14 days (*supra* at 5) that will set forth when and of whom Plaintiffs anticipate deposing. At this time, should discovery commence, Plaintiffs anticipate they will depose members of the Administrative Committee of the Quanta Services, Inc. 401(k) Plan, the Plan's service providers, and any expert(s) designated by Defendants.

      **E.    Of whom and by when the defendant anticipates taking oral depositions.**

The Parties propose that all discovery be stayed, subject to the exchange of documents discussed *supra* at 5, pending Defendants' motion to dismiss, but to the extent discovery commences at a later date following any denial of such motion, the Parties will submit a supplemental joint discovery plan and Proposed Scheduling Order within 14 days (*supra* at 5) that will set forth when and to whom Defendants anticipate taking oral depositions. At this time,

should discovery commence, Defendants anticipate they will depose Plaintiffs Mary Laliberte and Marie McKnight and any expert(s) designated by Plaintiffs.

    **F.**    **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

The Parties propose that all discovery be stayed, subject to the exchange of documents discussed *supra* at 5, pending Defendants' motion to dismiss, but to the extent discovery commences at a later date following any denial of such motion, the Parties will submit a supplemental joint discovery plan and Proposed Scheduling Order within 14 days (*supra* at 5), including the proposed timeline for expert discovery.

    **G.**    **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

The Parties propose that all discovery be stayed, subject to the exchange of documents discussed *supra* at 5, pending Defendants' motion to dismiss, but to the extent discovery commences at a later date following any denial of such motion, the Parties will submit a supplemental joint discovery plan and Proposed Scheduling Order within 14 days (*supra* at 5) that will set forth the proposed timeline for expert discovery. To the extent discovery commences and Defendants designate an expert(s), Plaintiffs intend to depose those individual(s).

    **H.**    **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

The Parties propose that all discovery be stayed, subject to the exchange of documents discussed *supra* at 5, pending Defendants' motion to dismiss, but to the extent discovery commences at a later date following any denial of such motion, the Parties will submit a supplemental joint discovery plan and Proposed Scheduling Order within 14 days (*supra* at 5) that will set forth the proposed timeline for expert discovery. To the extent discovery commences and Plaintiffs designate an expert(s), Defendants intend to depose those individual(s).

11.    **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

That Parties agree that all discovery should be stayed, subject to the exchange of documents discussed *supra* at 5, pending a ruling on Defendants' motion to dismiss. To the extent discovery commences following any denial of Defendants' motion to dismiss, the Parties will submit a supplemental joint discovery plan and Proposed Scheduling Order that will detail disagreements among the Parties regarding the discovery, if any, at that time.

12.    **Specify the discovery beyond initial disclosures that has been undertaken to date.**

No discovery has been undertaken to date given Defendants' pending motion to dismiss

13. **State the date the planned discovery can be reasonably completed.**

    The Parties propose that all discovery be stayed, subject to the exchange of documents discussed *supra* at 5, pending Defendants' motion to dismiss, but to the extent discovery commences at a later date following any denial of such motion, the Parties will submit a supplemental joint discovery plan and Proposed Scheduling Order within 14 days that will set forth the proposed timeline for fact and expert discovery.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The Parties are mindful of the potential benefits associated with early or other participation in mediation or other dispute resolution processes but agree that such processes are premature at this time given Defendants' pending motion to dismiss.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    The Parties have not discussed settlement or resolution other than to agree that such processes are premature at this time given Defendants' pending motion to dismiss.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    Given Defendants' pending motion to dismiss, the Parties do not yet believe alternative dispute resolution techniques are suitable at this juncture. That said, the Parties believe mediation or other dispute resolution may be helpful to the extent Defendants' motion is denied in whole or in part, in which case the Parties will revisit with their clients the available alternative dispute resolution techniques and inform the Court whether they would like to engage with such techniques, and if so, when.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The Parties do not consent to trial by a magistrate judge.

18. **State whether a jury demand has been made and if was made on time.**

    No jury demand has been made.

19. **Specify the number of hours it will take to present the evidence in this case.**

    Based on Plaintiffs' Complaint, the Parties anticipate that a trial in this matter would take between 40-56 hours (5-7 days), but they recognize that could change to the extent Plaintiffs' claims are narrowed based on Defendants' pending motion to dismiss (or through later summary judgment, class certification, or other briefing).

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    Defendants' motion to dismiss (Dkt. 36) will be fully briefed prior to the February 10, 2023 initial pretrial and scheduling conference and thus will be ripe for resolution at that time.

21. **List other motions pending.**

    Other than Defendants' motion to dismiss Plaintiffs' Complaint (Dkt. 36), there are no pending motions.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    None.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

    Plaintiffs certify that they filed their Disclosure of Interested Parties on October 4, 2022, Dkt. 16, and there has been no need for amendments.

    Defendants certify that they filed their Disclosure of Interested Parties on October 21, 2022, Dkt. 20, and there has been no need for amendments.

24. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

    **Counsel for Plaintiffs:**

    MILLER SHAH LLP

    James E. Miller
    Connecticut Bar No. 420518
    65 Main Street
    Chester, CT 06412
    Telephone: (866) 540-5505
    Facsimile: (866) 300-7367
    jemiller@millershah.com

    Laurie Rubinow
    Connecticut Bar No. 103004
    65 Main Street
    Chester, CT 06412
    Telephone: (866) 540-5505

Case 4:22-cv-03290   Document 41   Filed on 01/31/23 in TXSD   Page 11 of 16

Facsimile: (866) 300-7367
lrubinow@millershah.com

James C. Shah
Pennsylvania Bar No. 80337
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
jcshah@millershah.com

Alec J. Berin
Pennsylvania Bar No. 328071
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
ajberin@millershah.com

John C. Roberts
Pennsylvania Bar No. 328059
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
jcroberts@millershah.com

Kolin C. Tang
California Bar No. 279834
19712 MacArthur Blvd.
Irvine, CA 92612
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
kctang@millershah.com

AJAMIE LLP

John S. "Jack" Edwards, Jr.
Texas Bar No. 24040851
S.D. Tex. No. 38095
711 Louisiana, Suite 2150
Houston, TX 77002
Telephone: (713) 860-1600
Facsimile: (713) 860-1699
jedwards@ajamie.com

Thomas R. Ajamie

11

Texas Bar No. 00952400
S.D. Tex. No. 6165
711 Louisiana, Suite 2150
Houston, TX 77002
Tel: (713) 860-1600
Fax: (713) 860-1699
tajamie@ajamie.com

CAPOZZI ADLER, P.C.

Mark K. Gyandoh (pro hac vice forthcoming)
Capozzi Adler, P.C.
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile: (717) 233-4103
markg@capozziadler.com

Donald R. Reavey (pro hac vice forthcoming)
Capozzi Adler, P.C.
2933 North Front Street
Harrisburg, PA 17110
Telephone: (717) 233-4101
Facsimile: (717) 233-4103
donr@capozziadler.com

**Counsel for Defendants:**

MORGAN, LEWIS & BOCKIUS LLP

Jeremy P. Blumenfeld
Pennsylvania Bar No. 85955
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
*jeremy.blumenfeld@morganlewis.com*

David J. Levy
Texas Bar No. 12264850
S.D. Tex. No. 13725
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
Telephone: (713) 890-5000
Facsimile: (713) 890-5001
*david.levy@morganlewis.com*

Keri L. Engelman
Massachusetts Bar No. 704360
One Federal Street
Boston, MA 02110-1726
Telephone: (617) 341-7700
Facsimile: (617) 341-7701
*keri.engelman@morganlewis.com*

Dated: January 31, 2023	Respectfully submitted,

/s/ John C. Roberts

**AJAMIE LLP**

John S. "Jack" Edwards, Jr.
Texas Bar No. 2404851
S.D. Tex. No. 38095
Thomas R. Ajamie
Texas Bar No. 00952400
S.D. Tex. No. 6165
Pennzoil Place – South Tower
711 Louisiana Street, Suite 2150
Houston, Texas 77002
Telephone: (713) 860-1600
Facsimile: (713) 860-1699
*jedwards@ajamie.com*
*tajamie@ajamie.com*

**MILLER SHAH LLP**

James E. Miller, *Pro Hac Vice*
Laurie Rubinow, *Pro Hac Vice*
65 Main Street
Chester, CT 06412
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
*jemiller@millershah.com*
*lrubinow@millershah.com*

James C. Shah, *Pro Hac Vice*
Alec J. Berin, *Pro Hac Vice*
John C. Roberts, *Pro Hac Vice*
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
*jcshah@millershah.com*
*ajberin@millershah.com*
*jcroberts@millershah.com*

**CAPOZZI ADLER, P.C.**

Mark K. Gyandoh, *Pro Hac Vice*
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200

14

Facsimile: (717) 233-4103
*markg@capozziadler.com*

Donald R. Reavey, *Pro Hac Vice*
2933 North Front Street
Harrisburg, PA 17110
Telephone: (717) 233-4101
*donr@capozziadler.com*

*Attorneys for Plaintiffs*

/s/ *Jeremy P. Blumenfeld*

**MORGAN, LEWIS & BOCKIUS LLP**

Jeremy P. Blumenfeld, *Pro Hac Vice*
Attorney-In-Charge
Pennsylvania Bar No. 85955
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
*jeremy.blumenfeld@morganlewis.com*

David J. Levy
Texas Bar No. 12264850
S.D. Tex. No. 13725
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
Telephone: (713) 890-5000
Facsimile: (713) 890-5001
*david.levy@morganlewis.com*

Keri L. Engelman, *Pro Hac Vice*
One Federal Street
Boston, MA 02110-1726
Telephone: (617) 341-7700
Facsimile: (617) 341-7701
*keri.engelman@morganlewis.com*

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that a true and correct copy of the foregoing document was served via the Court's ECF/CM e-filing system to all counsel of record on January 31, 2023.

                                                */s/ Jeremy P. Blumenfeld*
                                                Jeremy P. Blumenfeld