UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MARY LALIBERTE**, *et al.*, | § § § | |
| **Plaintiffs**, | § § | |
| v. | § § | Case No: 4:22-cv-03290 |
| **QUANTA SERVICES, INC.**, *et al.*, | § § § | |
| **Defendants**. | § | |

### DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT

As Defendants explained in their motion (Dkt. 36 ("Mot.")), courts, including the Sixth, Seventh, Eighth, and Ninth Circuits, consistently reject the premise of Plaintiffs' claims: that they can raise an inference Defendants had a flawed decision-making process because certain of the Plan's funds cost more or "underperformed" other potential investment options in the market. Nothing in Plaintiffs' Opposition (Dkt. 40 ("Opp.")) warrants a different result here.

The overwhelming weight of authority, including a recent decision out of the Northern District of Texas (in a case brought by Plaintiffs' same counsel), has rejected similar claims regarding target date funds ("TDFs"). *See Locascio v. Fluor Corp.*, No. 3:22-cv-00154, Dkt. 68, at *15 (N.D. Tex. Jan. 18, 2023) (Starr, J.). Plaintiffs indeed do not dispute, nor could they, that the Courts of Appeals have universally rejected fiduciary breach claims regarding TDFs—including the *same* TDFs at issue in this case—because differences in investment style, risks, strategies, and holdings render them not meaningful benchmarks for each other. *See Smith v. CommonSpirit Health*, 37 F.4th 1160, 1167 (6th Cir. 2022) (Freedom Funds and Freedom Index

1

Funds);¹ *Davis v. Salesforce.com, Inc.*, 2022 WL 1055557, at *2 n.1 (9th Cir. Apr. 8, 2022) (JP Morgan TDFs); *Meiners v. Wells Fargo & Co.*, 898 F.3d 820, 823 (8th Cir. 2018) (Wells Fargo and Vanguard TDFs). *See also Anderson v. Intel Corp. Inv. Policy Comm.*, 579 F.Supp.3d 1133, 1149 (N.D. Cal. 2022); *Enos v. Adidas Am., Inc.*, 2021 WL 5622121, at *7 (D. Or. Aug. 26, 2021) (T. Rowe Price, Fidelity and Vanguard TDFs), *adopted*, 2021 WL 5611481 (D. Or. Nov. 30, 2021); Mot. 11-14. The Opposition glosses over this weight of authority, but this Court should not.²

Plaintiffs' allegations here reflect an "apples to oranges" comparison that does not allow any inference of imprudence. *Smith*, 37 F.4th at 1166 (quotations omitted); Mot. 11-14. First, Plaintiffs' argument that Fidelity, Vanguard, T.Rowe Price, American, and JPMorgan TDFs are

---

¹ Plaintiffs have no real answer to the Sixth Circuit's thorough and on-point analysis (*see* Mot. at 10-13) other than to call it an "outlier decision" (Opp. at 15 n.7) that they suggest should be ignored in favor of an out-of-district trial-court ruling that did not follow *Smith* (*see* Opp. at 15 (*citing Moler v. Univ. of Md. Med. Sys.*, 2022 WL 2756290 (D. Md. July 13, 2022)). But *Moler* did not involve TDFs at all. And while the *Moler* court described *Smith* as "rest[ing] on a thin charge that there may have been better options out there," 2022 WL 2756290, at *5, the *Smith* complaint alleged far more—including charts and graphs (like the ones Plaintiffs include here) purporting to compare the challenged funds' performance, glide paths, Morningstar ratings, and more, to other investments. *Smith v. CommonSpirit Health*, No. 20-cv-95, Dkt. 1, Compl. ¶¶ 28, 35-36, 39, 42-43 (E.D. Ky. July 2, 2020). The Sixth Circuit rejected those charts and graphs as insufficient to infer imprudence. *Smith*, 37 F.4th at 1166-67. If anything, *Moler* is the "outlier."

² Plaintiffs ask this Court to reject the relevant decisions from the Courts of Appeals (*supra*, Mot. at 8-13), pointing instead to district courts that have denied motions to dismiss purportedly "analogous claims." Opp. at 2 n.1. But every case footnoted (and most others referenced in the Opposition) was decided *before* the Supreme Court's decision in *Hughes*, *before* most of the appellate authority, including *Smith*, as well as *before* J. Starr's recent decision. *Infra.* Mot. at 8-13. Worst still, most of Plaintiffs' cited cases involved allegations that are absent here. *E.g., Falberg v. Goldman Sachs Grp., Inc.* 2020 WL 3893285, at *11 (S.D.N.Y. July 9, 2020) (proprietary mutual funds); *Schultz v. Edward D. Jones & Co.*, *L.P.*, 2018 WL 1508906, at *3 (E.D. Mo. Mar. 27, 2018) (same); *Bouvy v. Analog Devices, Inc.*, 2020 WL 3448385, at *3 (S.D. Cal. June 24, 2020) (recordkeeper selected plan's proprietary funds); *Henderson v. Emory Univ.*, 252 F. Supp. 3d 1344, 1349 (N.D. Ga. May 10, 2017) (same); *Pinnell v. Teva Pharms. USA, Inc.*, 2020 WL 1531870, at *6 (E.D. Pa. Mar. 31, 2020) (failed to replace certain investment options with identical investments in a lower-cost share class); *Bell v. Pension Comm. of ATH Holding Co., LLC*, 2017 WL 1091248, at *4 (S.D. Ind. Mar. 23, 2017) (same).

designed to help people prepare for retirement is true, but that is meaningless. *All* investment options in a *retirement* plan are designed to help people prepare for *retirement*. But pointing to funds that have "*some* similarities," and some differences, is not enough. *Meiners*, *supra* (emphasis added). Indeed, Judge Starr just two weeks ago dismissed fiduciary breach claims that tried to compare BlackRock TDFs to some of the same alternative TDFs Plaintiffs use here and for the same reasons that apply here. *See Locascio*, No. 3:22-cv-00154, Dkt. 18, at ¶ 35 (N.D. Tex. Apr. 5, 2022) (comparing BlackRock TDFs at issue with Fidelity Index Funds, American, and T.Rowe TDFs). "[S]imply labeling funds as 'comparable' or 'peer'"—as Plaintiffs do here—is "insufficient to establish that those funds are meaningful benchmarks." *Id.*, Dkt. 68. at *15 (quotations omitted). *See also Enos supra.* The same result is warranted here.

Second, arguments that the Freedom Funds and the Fidelity Index Funds are similar enough because they "are offered by the same investment management firm, share the same management team, and share an almost identical stated glide path," is wrong, because the Fidelity Index Funds are passively managed and the Freedom Funds are not. *See Smith, supra* (rejecting comparison of Freedom Funds to Fidelity Index TDFs, explaining that active management requires more "judgment and expertise" and is "expected" to cost more); *Salesforce.com*, *supra* (same as to actively managed and passively managed JPMorgan TDFs). *See also* Mot. 13-14.

Third, Plaintiffs argue that the appropriateness of their comparators is a "fact dispute" not properly resolved on a motion to dismiss. Opp. 9-10, 16-17. *Every* decision cited above addressed these issues *in the Rule 12(b)(6) context*, and correctly so. Plaintiffs ask this Court to *infer* that Defendants' process was flawed, but that inference is not warranted where the comparisons they allege are not "meaningful benchmarks." *See, e.g.*, *Smith*, 37 F.4th at 1167-68. Were it otherwise, any conceivable investment-related challenge under ERISA would unlock the doors to costly and

burdensome discovery, no matter the comparisons. That standard would run afoul of "the context-specific inquiry that ERISA requires." *Hughes v. Nw. Univ.,* 142 S. Ct. 737, 740 (2022).

Fourth, Plaintiffs' allegations as to the funds' performance fail. They provide *no* response to the argument that the Freedom Funds *outperformed* the Index Funds during the very time Plaintiffs claim it was imprudent to retain the Freedom Funds. Mot. 9-10. Thus, rather than infer imprudence, this Court can infer that Defendants' retention of the Freedom Funds "fell within the "range of reasonable judgments" fiduciaries may make. *Hughes*, 142 S. Ct. at 742. *See also Smith*, 37 F.4th at 1167. Plaintiffs' allegations that the "alternative" TDFs had better three- and five-year performance returns than the Freedom Funds during discrete points of time "does little to aid the Court" in inferring a "flawed fiduciary process," *Locascio*, No. 3:22-cv-00154, Dkt. 68, at *14, because "[r]etirement investing" involves a "long-term horizon." *Kirschbaum v. Reliant Energy, Inc.*, 526 F.3d 243, 253-54 (5th Cir. 2008); *see also Smith*, 37 F.4th at 1166 ("Merely pointing to another investment that has performed better in a five-year snapshot of the lifespan of a fund that is supposed to grow for fifty years does not suffice to plausibly plead an imprudent decision.").

And Plaintiffs' alleged "red flags" are precisely those rejected in *Smith*. 37 F. 4th at 1168 ("Nothing" about Freedom Funds' reputation would have caused a prudent plan fiduciary to "precipitously dump[] them."). Even after the cash outflows Plaintiffs allege, the Freedom Funds were still the second-most popular TDF in the *entire* TDF market, and investors preferred them by a margin of 3 to 1 over the Fidelity Index TDFs. *See id.*; Mot. at 21.

Plaintiffs' claims regarding the American Small Cap Value Fund and the DFA International Small Cap Value Fund suffer from the same shortfalls. Plaintiffs' comparator funds are not meaningful benchmarks because they have fundamentally different investment strategies than the American and DFA Funds. *See* Mot. 22-23. Plaintiffs do not dispute this (other than to

say it is a fact issue) but nonetheless insist they have adequately alleged imprudence because the funds underperformed their benchmark indices. Opp. 21. But benchmark indices like the Russell 3000 Index, which Plaintiffs use here, are also not adequate comparators because they (1) are not investible funds; and (2) are *passively managed* indexes. *See Davis v. Washington Univ. in St. Louis*, 960 F.3d 478, 485 n. 4 (8th Cir. 2020); Mot. 22. And again, Plaintiffs' three- and five-year underperformance allegations are based on too short of a snapshot to infer imprudence when funds are meant for long-term investing. *See supra* at 4.

For these reasons, this Court should dismiss Plaintiffs' Complaint with prejudice.

Dated: January 31, 2023　　　　　　　　Respectfully submitted

**MORGAN, LEWIS & BOCKIUS LLP**

/s/ *Jeremy P. Blumenfeld*
Jeremy P. Blumenfeld, *Admitted Pro Hac Vice*
Attorney-In-Charge
Pennsylvania Bar No. 85955
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
jeremy.blumenfeld@morganlewis.com

David J. Levy
Texas Bar No. 12264850
S.D. Tex. No. 13725
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
Telephone: (713) 890-5000
david.levy@morganlewis.com

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that a true and correct copy of the foregoing document was served via the Court's ECF/CM e-filing system to all counsel of record on January 31, 2023.

/s/ *Jeremy P. Blumenfeld*
Jeremy P. Blumenfeld