UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MARY LALIBERTE,** *et al.*, | § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | Case No: 4:22-cv-03290 |
| **QUANTA SERVICES, INC.,** *et al.*, | § § § | |
| **Defendants.** | § | |

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITIES

Defendants respectfully submit this Notice of Supplemental Authorities in Support of their Motion to Dismiss the Complaint (Dkt. 36 ("Motion or "Mot.")), both issued after Defendants filed their Reply (Dkt. 42 ("Reply")).

***Jones v. DISH Network Corp.*, No. 1:22-cv-00167-CMA-STV (D. Colo. Jan. 31, 2023)**

Magistrate Judge Scott Varholak of the United States District Court for the District of Colorado issued a recommendation to dismiss a complaint under Fed. R. Civ. P. 12, which contains allegations regarding the Fidelity Freedom suite of target date funds ("TDFs") that are nearly identical to the allegations in Plaintiffs' Complaint here. *Jones v. DISH Network Corp.*, No. 1:22-cv-00167-CMA-STV, Dkt. 72 (D. Colo. Jan. 31, 2023) (attached as **Exhibit A**). The *Jones* complaint was also brought by Plaintiffs' same counsel here.

In recommending dismissal, the court in *Jones* rejected the *exact same* allegations that Plaintiffs allege here with respect to the Fidelity Freedom Funds, finding them insufficient to infer imprudence, including for instance: (1) most of actively-managed funds underlying the [TDFs] within the Active Suite either had an insufficient track record or missed their respective benchmark

at the start of the Class Period (*Compare Jones* Compl., No. 1:22-cv-00167-CMA-STV, Dkt. 1 (D. Colo. Jan. 20, 2022), ¶¶ 68-71 *with* Compl., Dkt. 1, ¶¶ 33-35); (2) the Active Suite makes "riskier" investments than the Index Suite, and its managers have discretion to deviate from the glide path by up to 10 percentage points in either direction (*Compare Jones* Compl. ¶¶ 72-75 *with* Compl. ¶¶ 36-40); (3) the Active Suite's expense ratio exceeds that of the Index Suite (*Compare Jones* Compl. ¶¶ 76-77 *with* Compl. ¶¶ 41-43); (4) the Active Suite has experienced significant outflows in recent years and received negative analyst reviews, in contrast to the significant inflow experienced by the Index Suite (*Compare Jones* Compl. ¶¶ 74, 78 *with* Compl. ¶¶ 38, 44-45); and (5) the Active Suite has underperformed the primary TDF offerings of four of the five largest non-Fidelity managers in the marketplace (*Compare Jones* Compl. ¶¶ 79-81 *with* Compl. ¶¶ 46-48). *See Jones,* Dkt. 72 at *24.

In rejecting these allegations, the court in *Jones* first explained that plaintiffs "never actually allege that the Index Suite outperformed the Active Suite," and the same is true here. *Jones*, Dkt. 72 at *25; *see also* Dkt. 36, Mot. at 9; Dkt. 42, Reply at 4. Moreover, the court found that plaintiffs' comparisons of the Freedom Funds' "expense ratio," "level of risk," and "amount of investment inflow/outflow" to the Fidelity Index Funds "fail[ed] to plausibly establish that no reasonable fiduciary would have maintained the Active Suite in the face of the Index Suite." *Jones*, Dkt. 72 at *26. Relying on the Sixth Circuit's well-reasoned and on-point decision in *Smith v CommonSpirit Health*, 37 F.4th 1160 (6th Cir. 2022), the *Jones* court further concluded that plaintiffs' allegations did not suggest "that the Freedom Funds reputation was bad enough when viewed in the market as a whole that a prudent plan administrator…should have precipitously dumped them." *Jones,* Dkt. 73 at * 26-30. Again, so too here. Dkt. 36, Mot. at 20-22; Dkt. 42, Reply at 4.

Second, the court in *Jones* also rejected allegations regarding the alleged underperformance of the Freedom Funds' underlying investments because "an allegation regarding a subset of a TDF's underlying investment vehicles ultimately says very little about the prudence of retaining the TDF at issue." *Jones*, Dkt. 72 at *34. Plaintiffs make the same flawed allegation here, and it should be rejected too. Dkt 36, Mot. at 19-20.

Third, the court in *Jones* rejected comparisons to other "popular" TDF suites—the exact same alternative TDFs at issue here—American, T. Rowe Price, Vanguard, JP Morgan. *Jones,* Dkt. 1 at ¶ 79. The court further concluded that the plaintiffs' reliance on the three-and five-year annualized returns as of a lone quarter in the class period—again, the exact same metrics Plaintiffs attempt to use here—were not enough to plausibly infer imprudence. *Jones,* Dkt. 72 at *31-32; *see also* Dkt. 36, Mot. at 14-16; Dkt. 42, Reply at 4. For all of these reasons, among others, *Jones* instructs that dismissal is warranted here.

**<u>Beldock v. Microsoft Corp.</u>, No. 2:22-cv-01082-JLR (W.D. Wash. Feb. 7, 2023)**

Judge James L. Robart of the United States District Court for the Western District of Wisconsin dismissed similar allegations under Fed. R. Civ. P. Rule 12 regarding the BlackRock suite of TDFs, once again brought by some of Plaintiffs' same counsel. *Beldock v. Microsoft Corp.*, No. 2:22-cv-01082-JLR, Dkt. 57 (W.D. Wash. Feb. 7, 2023) (attached **Exhibit B**).

The court in *Beldock* also rejected performance comparisons to "alternative" TDFs that are virtually identical to the comparisons that Plaintiffs make here—the Fidelity Index, American, T. Rowe Price, and Vanguard TDFs. *See Beldock* Compl., No. 2:22-cv-01082-JLR, Dkt. 1 (W.D. Wash. Aug. 2, 2022) ¶¶ 39-40. The court further found that "quarterly charts of three- and five-year annualized returns" did not support a plausible inference of imprudence because such allegations, standing alone, do not "'tend to exclude the possibility' that Defendants had reasons

to retain the BlackRock TDFs that were consistent with their fiduciary duties." *Beldock*, Dkt. 57 at *17 (citing *White v. Chevron*, 752 F. App'x 453, 455 (9th Cir. 2018)). The same is true here.

Dated: February 8, 2023                                Respectfully submitted

**MORGAN, LEWIS & BOCKIUS LLP**

/s/ *Jeremy P. Blumenfeld*
Jeremy P. Blumenfeld, *Admitted Pro Hac Vice*
Attorney-In-Charge
Pennsylvania Bar No. 85955
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
*jeremy.blumenfeld@morganlewis.com*

David J. Levy
Texas Bar No. 12264850
S.D. Tex. No. 13725
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
Telephone: (713) 890-5000
*david.levy@morganlewis.com*

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that a true and correct copy of the foregoing document was served via the Court's ECF/CM e-filing system to all counsel of record on February 8, 2023.

/s/ *Jeremy P. Blumenfeld*
Jeremy P. Blumenfeld