UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARY LALIBERTE, *et al.*,<br><br>     Plaintiffs,<br><br>v.<br><br>QUANTA SERVICES, INC., *et al.*,<br><br>     Defendants. | Case No. 4:22-cv-03290<br><br><br><br>March 2, 2023 |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

  Plaintiffs, Mary Laliberte and Marie McKnight ("Plaintiffs"), respectfully submit this Notice of Supplemental Authority to draw the Court's attention to *In re Sutter Health ERISA Litigation*, No. 1:20-cv-01007 (JLT), 2023 WL 1868865 (E.D. Cal. Feb. 9, 2023). This recent decision from the Eastern District of California, attached hereto as Exhibit A, is relevant to the Court's consideration of the pending motion to dismiss submitted by Defendants, Quanta Services, Inc., the Board of Directors of Quanta Services, Inc., and the Quanta Services, Inc. 401(k) Savings Plan Committee (collectively, "Defendants") ("Motion," ECF No. 36).

  In *Sutter Health*, the Honorable Jennifer L. Thurston entirely denied the defendants' motion to dismiss, substantially similar to the Motion here, soundly reasoning that the plaintiffs "plausibly alleged a breach of fiduciary duty as to the retainer of the Active Suite and excessive fees and Total Plan Cost within the Plan[.]" 2023 WL 1868865, at *11. The *Sutter Health* court also admonished the defendants for engaging in fact-based arguments, holding that "as far as the Court can tell, none of the documents [submitted] clearly disprove Plaintiffs' factual allegations . . . [and the] Court declines to cull through the [hundreds of] pages to find the factual nuggets that support the defendant's motion." *Id.* at *3.

Like Plaintiffs here, the plaintiffs in *Sutter Health* claim the defendants breached their fiduciary duties under ERISA by failing to appropriately monitor investments, including the Fidelity Freedom Funds, as well as the service arrangements of the plan at issue. *Id.* at *2. As an initial matter, the *Sutter Health* court found that because the allegations speak to "defendants' management of the [p]lan as a whole," and the plaintiffs were injured as a result of their investment in certain challenged funds and payment of excessive fees, the plaintiffs sufficiently demonstrated Article III standing. *See id.* at *5–6. And, because the plaintiffs "have Constitutional standing to bring their claims, ERISA [] grants them statutory standing to seek relief that sweeps beyond their individual injuries." *Id.* at *6. The same logic applies here.

As to Count I of the complaint, the *Sutter Health* court determined the plaintiffs had adequately alleged breaches of fiduciary prudence and loyalty. *See id.* at *7–12. Judge Thurston explained that the court could use plaintiffs' "circumstantial factual allegations" to "draw inferences regarding sufficiency" of defendants' fiduciary process. *Id.* at *9. Noting that defendants' arguments "largely misstate plaintiffs' claims or delve into factual disputes," the court held that, reading the complaint in the light most favorable to the plaintiffs, the allegations sufficiently alleged that the defendants failed to meet the fiduciary standards under ERISA. *Id.*

Specifically, the *Sutter Health* court first found that the capital flight from the Active Suite was "[c]orraboration . . . rais[ing] Plaintiffs concerns above the bar of mere speculation." *Id.* Second, the *Sutter Health* court deemed plaintiffs' facts regarding the plan's fees and total cost sufficient to support a claim of imprudence, rejecting defendants' invitation to analyze the appropriateness of plaintiffs' comparators. *Id.* at *10. Finally, Judge Thurston found the

investment management fees paid to Fidelity, combined with the fact that Fidelity is incentivized to promote its own investment products, sufficient to plausibly allege that the plan paid Fidelity a higher expense ratio at the expense of Plan participants, a breach of the duty of loyalty.  *Id.* at *12.  The same allegations are present in the Class Action Complaint ("Complaint," ECF No. 1).  *See* Complaint ¶¶ 29-32, 41-44.

In addition, the *Sutter Health* decision confirms the adequacy of Plaintiffs' monitoring claims.  Like Plaintiffs, the *Sutter Health* plaintiffs adequately alleged the underlying breach of fiduciary duty and pled additional facts concerning defendants' appointment and monitoring roles, which the court found sufficient to defeat the motion to dismiss.  *See* 2023 WL 1868865, at *12–13; Complaint ¶¶ 84-85, 88.  Lastly, the *Sutter Health* court denied the defendants' motion to dismiss Count III of the complaint, knowing breach of trust, because it is derivate of the adequately pled Count I.  2023 WL 1868865, at *13.  This Court should similarly deny Defendants' motion to dismiss Plaintiffs' knowing breach of trust claim.  *See* Complaint ¶¶ 92-94.

Plaintiffs respectfully request that the Court consider *Sutter Health* as further authority calling for the denial of Defendants' Motion in its entirety.

Dated: March 2, 2023

Respectfully submitted,

<u>/s/ *John S. "Jack" Edwards, Jr.*</u>
John S. "Jack" Edwards, Jr.
Texas Bar No. 2404851
S.D. Tex. No. 38095
Thomas R. Ajamie
Texas Bar No. 00952400
S.D. Tex. No. 6165
**AJAMIE LLP**
Pennzoil Place – South Tower
711 Louisiana Street, Suite 2150
Houston, Texas 77002
Telephone: (713) 860-1600
Facsimile: (713) 860-1699
jedwards@ajamie.com
tajamie@ajamie.com

John C. Roberts, *Pro Hac Vice*
Alec J. Berin, *Pro Hac Vice*
James C. Shah, *Pro Hac Vice*
**MILLER SHAH LLP**
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jcroberts@millershah.com
ajberin@millershah.com
jcshah@millershah.com

Laurie Rubinow, *Pro Hac Vice*
James E. Miller, *Pro Hac Vice*
**MILLER SHAH LLP**
65 Main Street
Chester, CT 06412
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jemiller@millershah.com
lrubinow@millershah.com

Mark K. Gyandoh, *Pro Hac Vice*
**CAPOZZI ADLER, P.C.**
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile: (717) 233-4103
Email: markg@capozziadler.com

4

Donald R. Reavey, *Pro Hac Vice*
**CAPOZZI ADLER, P.C.**
2933 North Front Street
Harrisburg, PA 17110
Telephone: (717) 233-4101
Facsimile: (717) 233-4103
Email: donr@capozziadler.com

*Attorneys for Plaintiffs, the Plan, and the Proposed Class*

**CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that on March 2, 2023, a true and correct copy of the foregoing document was filed via the Court's ECF System.

/s/ *John S. "Jack" Edwards, Jr.*
John S. "Jack" Edwards, Jr.
