UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MARY LALIBERTE,** *et al.*, § § **Plaintiffs,** § § v. § § **QUANTA SERVICES, INC.,** *et al.*, § § **Defendants.** § | **Case No: 4:22-cv-03290** |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY (DKT. 45)

Defendants respectfully submit this response to Plaintiffs' Notice of Supplemental Authority, *In re Sutter Health ERISA Litigation*, No. 1:20-cv-01007 (JLT), 2023 WL 1868865 (E.D. Cal. Feb. 9, 2023). Dkt. 45.

In *In re Sutter Health*, Plaintiffs alleged, among other allegations not relevant here, that the actively-managed Fidelity Freedom Active Suite was an imprudent investment option because it cost more than the passively-managed Fidelity Freedom Index Suite, and allegedly underperformed other target date funds in the market. The Eastern District of California denied the defendants' motion to dismiss. Respectfully, *In re Sutter Health* is incorrectly decided under Ninth Circuit caselaw (issued after briefing was concluded in the case), and further fails to consider the overwhelming weight of appellate and other authority dismissing similar challenges to target date funds, including the same Fidelity Freedom funds at issue in this case. To start, in *Davis v. Salesforce.com, Inc.*, the Ninth Circuit affirmed 12(b)(6) dismissal of a similar challenge to JP Morgan target date funds because, among other reasons, "although the JPMorgan target date blend funds and JPMorgan SmartRetirement funds may have some similarities, the JPMorgan target date

1

blend funds, which plaintiffs allege have 'some passive funds underlying [them],' are not meaningful benchmarks for the actively managed JPMorgan SmartRetirement funds." 2022 WL 1055557, at *2 n.1 (9th Cir. Apr. 8, 2022). The Active Suite and Index Suite, too, are not meaningful comparators for the same reason, and the same result should have followed. *See* Dkt. 36, Motion at 12-14; Dkt. 42, Reply at 2-3. Yet, the *In Re Sutter Health* court failed to even once acknowledge the Ninth Circuit's decision in *Davis*, let alone apply it.

Nor did the *In Re Sutter Health* court mention, much less consider, every other Court of Appeals decision that has rejected fiduciary breach claims regarding target date funds because differences in investment style, risks, strategies, and holdings render them not meaningful benchmarks for each other. *See Smith v. CommonSpirit Health*, 37 F.4th 1160, 1167 (6th Cir. 2022); *Meiners v. Wells Fargo & Co.*, 898 F.3d 820, 823 (8th Cir. 2018) (Wells Fargo and Vanguard TDFs); *see also* Dkt. 36, Motion at 9-14; Dkt. 42, Reply at 2-3. Perhaps most notably absent from the opinion is the Sixth Circuit's decision in *Smith*, 37 F.4th at 1167—which affirmed dismissal of virtually identical challenges to the Active Suite, and rejected the *same* arguments the plaintiffs pressed in *In Re Sutter Health* and the *same* arguments Plaintiffs assert here. *See id.* at 1168 ("nothing" about outflows from the Freedom Funds suggested that "a prudent plan administrator should never have included them…or precipitously dumped them"); *see also* Dkt. 36, Motion at 20-21. Following *Smith*, *Davis, and Meiners*, district courts around the country, including the Northern District of Texas, have consistently rejected Plaintiffs' same challenges to the Fidelity Freedom funds (and other target date funds), and this Court should too. *See Locascio v. Fluor Corp.*, 2023 WL 320000, at *6 (N.D. Tex. Jan. 18, 2023) (Starr, J.) (dismissing challenges to BlackRock TDFs); *Ruilova v. Yale-New Haven Hosp., Inc.*, 2023 WL 2301962 (D. Conn. Mar. 1, 2023) (dismissing nearly identical challenge to Freedom Funds); *Tullgren v. Booz Allen*

*Hamilton*, 2023 WL 2307615 (E.D. Va. Mar. 1, 2023) (E.D. Va. Mar. 1, 2023) (dismissing challenges to BlackRock target date funds); *Hall v. Capital One Financial Corp.*, 2023 WL 2333304 (E.D. Va. Mar. 1, 2023) (same); *see also* Dkt. 36, Mot. at 10-11; Dkt. 42, Reply at 1, 3. *In re Sutter Health* is an outlier.

Plaintiffs argue in their Notice that the *In re Sutter Health* court found that (1) "the plaintiffs were injured as a result of their investment in certain challenged funds and payment of excessive fees" and thus had "demonstrated Article III standing"; (2) "plaintiffs' facts regarding the plan's fees and total cost" were sufficient to support a claim of imprudence; and (3) "the investment fees paid to Fidelity" were sufficient to "plausibly allege the plan paid Fidelity a higher expense ratio." Dkt. 45 at 2-3. But none of those aspects of the *In Re Sutter Health* court decision have any relevance here. First, Defendants have not argued that Plaintiffs lack Article III standing to bring their claims. Second, Plaintiffs here just challenge certain investment options in the Plan, but do not challenge the Plan's "total cost," nor do they allege that the "investment management fees paid to Fidelity were too high." *See also Ruilova v. Yale-New Haven Hosp., Inc.*, 2023 WL 2301962 (D. Conn. Mar. 1, 2023) (dismissing nearly identical claims regarding the Fidelity Freedom Funds).

For these reasons, Defendants respectfully submit that *In Re Sutter Health* does not save Plaintiffs' claims from dismissal here.

Dated: March 10, 2023                         Respectfully submitted

                                        **MORGAN, LEWIS & BOCKIUS LLP**

                                        /s/ *Jeremy P. Blumenfeld*
                                        Jeremy P. Blumenfeld, *Admitted Pro Hac Vice*
                                        Attorney-In-Charge
                                        Pennsylvania Bar No. 85955

1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
*jeremy.blumenfeld@morganlewis.com*

David J. Levy
Texas Bar No. 12264850
S.D. Tex. No. 13725
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
Telephone: (713) 890-5000
*david.levy@morganlewis.com*

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that a true and correct copy of the foregoing document was served via the Court's ECF/CM e-filing system to all counsel of record on March 10, 2023.

*/s/ Jeremy P. Blumenfeld*
Jeremy P. Blumenfeld