UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MARY LALIBERTE,** *et al.*, | § § | |
| **Plaintiffs,** | § § | |
| v. | § § | Case No: 4:22-cv-03290 |
| **QUANTA SERVICES, INC.,** *et al.*, | § § § | |
| **Defendants.** | § | |

### DEFENDANTS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITIES

Defendants respectfully submit this second Notice of Supplemental Authorities in Support of their Motion to Dismiss the Complaint (Dkt. 36 ("Motion or "Mot.")), both issued after Defendants filed their Reply (Dkt. 42 ("Reply")).

***Ruilova v. Yale-New Haven Hosp., Inc.*, 2023 WL 2301962 (D. Conn. Mar. 1, 2023)**

Judge Michael Shea of the United States District Court for the District of Connecticut dismissed a complaint under Fed. R. Civ. P. 12(b)(6) that contains allegations challenging the *same* Fidelity Freedom suite of target date funds ("TDFs"). *Ruilova v. Yale-New Haven Hospital, Inc.*, No. 3:22-cv-00111-MPS, 2023 WL 2301962 (D. Conn. Mar. 1, 2023) (attached as **Exhibit A**). The *Ruilova* complaint was also brought by Plaintiffs' same counsel here.

In dismissing the complaint, the *Ruilova* Court rejected the *exact same* allegations that Plaintiffs allege here with respect to the Fidelity Freedom Funds, including: (1) the Active Suite was "too risky" because it "invested in actively managed funds;" (2) the Active Suite has "higher exposure to riskier asset classes;" (3) the Active Suite allowed managers to deviate from the "glide path," which was "excessively risky;" (4) certain mutual funds within the Active Suite performed

1

"poorly;" (5) some of the underlying mutual funds within the Active Suite "lacked the [necessary] performance track record;" (6) the Active Suite cost more than the Index Suite; (7) the Active Suite has underperformed "four of the five largest non-Fidelity mangers in the TDF marketplace;" and (8) certain investors left the Active Suite. *See id.* at \*12. *Compare* Complaint, Dkt. 1, at ¶¶ 25, 33-40, 44, 64-65, 71, 80.

Judge Shea found these allegations were not "indicative of imprudence." *Ruilova*, 2023 WL 2301962, at \*12. In reaching this conclusion, Judge Shea aptly recognized that ERISA's fiduciary duties "implicate difficult tradeoffs" and the "courts must give due regard to the range of reasonable judgments a fiduciary may make. . . . . *Id.* at \*10 (*citing Hughes v. Northwestern Univ.*, 142 S. Ct. 737, 722 (2022)). Against that backdrop, the Court found that (1) it cannot infer imprudence from the fact that the Active suite "is actively managed and thus riskier" (*Id.* at \*13 (*citing Smith v. Commonspirit*, 37 F.4th 1160, 1165) (6th Cir. 2022); *see also* Dkt. 36, Mot. at 9-10; Dkt. 42, Reply at 2-3); (2) Plaintiffs' contention that the Active suite "has higher exposure to riskier assets" and its portfolio managers deviate from the glide path are "just more specific versions of Plaintiffs' allegations that active management can indicate imprudence," which the Court again recognized is "unsupported by any authority" (*Ruilova*, 2023 WL 2301962, at \*13 (*citing Smith*, 37 F. 4th at 1167 (holding "[t]he capacity of the Freedom Funds' managers to change the Funds' asset allocation and deviate slightly from the Funds' glide path is merely a natural features, not an unusual byproduct, of active management and well within the mainstream of industry practice")); *see also* Dkt. 36, Mot. at 20 n. 23; Dkt. 42, Reply at 2-3); (3) Plaintiffs' allegations regarding the performance and track record of the Active Suite's underlying mutual funds is insufficient to infer imprudence because the complaint "does not allege that the Plan offered the mutual funds as standalone investments" and Plaintiffs did not even respond to

2

Defendants' argument that "underlying funds are not considered "'plan assets'" and thus there is no fiduciary duty to monitor them (*Ruilova*, 2023 WL 2301962, at *14; *see also* Dkt. 36, Mot. at 19-24); (4) that the Active Suite cost more than the Index Suite is insufficient to infer imprudence because Plaintiffs did not plead any facts about the performance of the Active Suite as compared to the Index Suite and "merely because an actively managed investment cost more than a passively one" is not indicative of imprudence (*Ruilova*, 2023 WL 2301962, at *14; *see also* Dkt. 36, Mot. at 10-11; Dkt. 42, Reply at 2-3); and (5) Plaintiffs' allegations regarding the Active Suite's performance *pre-dated* the class period and their allegations regarding "investors leaving the Active Suite" during the class period is an "inadequate substitute" for failure to provide performance data *during* the class period (*Ruilova*, 2023 WL 2301962, at *15; *see also* Dkt. 36, Mot. at 14-16; Dkt. 42, Reply at 3-4).  As such, the Court rejected performance comparisons to other "widely utilized" TDF suites—the same TDF comparators alleged here, American, T. Rowe Price, Vanguard, and J.P. Morgan.  *See Ruilova*, 2023 WL 2301962, at *15; *Compare Ruilova*, No. 3:22-cv-00111-MPS, Dkt. 1 ¶ 80 *with* Compl. ¶¶ 79-80.  Plaintiffs' *identical* allegations, *see supra* at 2, regarding the Active Suite are equally deficient.  As such, the Court should too dismiss Plaintiffs' fiduciary breach claims.

*Ruilova* is further instructive.  In addition to challenging the Active Suite, the plaintiffs in *Ruilova* also alleged that five other investments were imprudent offerings because each "underperformed relative to its benchmark and similar alternatives."  *Ruilova*, 2023 WL 2301962, at 6-8.  These allegations are nearly identical to those alleged here as to the American Small Cap Value Fund and the DFA International Small Cap Value Fund.  Just like Plaintiffs here, the *Ruilova* plaintiffs relied on "3- and 5-year trailing returns as compared to their benchmarks." *Compare Ruilova*, 2023 WL 2301962, at *15 (citing *Ruilova* Compl. ¶¶ 56, 83, 90, 93, 96-97) *with* Compl.

3

¶¶ 49-58.  The *Ruilova* court found these allegations to be insufficient because they did not show the "consistent" or "substantial" underperformance required to infer an imprudent process ("[A]llegations of consistent, ten-year underperformance may support a duty of prudence" but "the underperformance must be substantial.").  *Ruilova*, 2023 WL 2301962, at *16.  So too here.  *See* Dkt. 36, Mot. at 24; Dkt. 42, Reply at 5.

### *Tullgren v. Booz Allen Hamilton*, 2023 WL 2307615 (E.D. Va. Mar. 1, 2023) & *Hall v. Capital One Financial Corp.*, 2023 WL 2333304 (E.D. Va. Mar. 1, 2023)

In two cases, Judge Michael Nachmanoff of the United States District Court for the Eastern District of Virginia dismissed similar allegations under Fed. R. Civ. P. Rule 12(b)(6) regarding the BlackRock suite of TDFs, once again brought by some of Plaintiffs' same counsel.  *Tullgren v. Booz Allen Hamilton*, 2023 WL 2307615 (E.D. Va. Mar. 1, 2023) (E.D. Va. Mar. 1, 2023); & *Hall v. Capital One Financial Corp.*, 2023 WL 2333304 (E.D. Va. Mar. 1, 2023) (attached as **Exhibits B and C**).

The court in *Tullgren and Hall* also rejected performance comparisons to "alternative" TDFs that are virtually identical to the comparisons that Plaintiffs make here—the Fidelity Index, American, T. Rowe Price, and Vanguard TDFs.  *See Tullgren* Compl., No. 1:22-cv-000856-MSN-IDD, Dkt. 38 (E.D. Va. Dec. 15, 22) ¶ 35; *Hall* Compl., 1:22-cv-000857-MSN-JFA, Dkt. 37 (E.D. Va. Mar. 1, 2023) ¶ 37.  The court found that these alternatives were not meaningful comparators to the BlackRock TDFs because plaintiffs failed to show that the comparators "shared the same investment strategy, investment style, risk profile, or asset allocation" as the BlackRock TDFs.  *Tullgren*, 2023 WL 2307615, at *6; *Hall*, 2023 WL 2333304, at *6.  For that reason *alone*, Plaintiffs' allegations were insufficient to infer imprudence.  *Id*. ("The Amended Complaint fails for the additional and independent reason that Plaintiffs have not pled meaningful benchmarks against which this court assess their allegations of fiduciaries' imprudence").  Plaintiffs here

4

similarly fail to allege "meaningful comparators" as to both the Active Suite and the American Small Cap Value Fund and the DFA International Small Cap Value Fund. *See* Dkt. 36, Mot. at 17-18; Dkt. 42, Reply at 2-3, 5. Moreover, the Court aptly recognized that the S&P Index are inapt comparators because "[t]he S&P Index is not an actual fund. Rather it is a "composite of disparate strategies and styles present in the broad universe of investible alternatives . . . . .") *Tullgren*, 2023 WL 2307615, at *7; *Hall*, 2023 WL 2333304, at *7 (citing cases). For precisely this reason, Plaintiffs' reliance on the Russell Index as comparators for the American Small Cap Value Fund and the DFA International Small Cap Value Fund is similarly inapt. Dkt. 36, Mot. at 22; Dkt. 42, Reply at 5.

Like the complaints in *Ruilova*, *Tullgren*, and *Hall*, the Complaint here should be dismissed under Rule 12(b)(6).

Dated: March 10, 2023                             Respectfully submitted

**MORGAN, LEWIS & BOCKIUS LLP**

/s/ *Jeremy P. Blumenfeld*
Jeremy P. Blumenfeld, *Admitted Pro Hac Vice*
Attorney-In-Charge
Pennsylvania Bar No. 85955
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
*jeremy.blumenfeld@morganlewis.com*

David J. Levy
Texas Bar No. 12264850
S.D. Tex. No. 13725
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
Telephone: (713) 890-5000
*david.levy@morganlewis.com*

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that a true and correct copy of the foregoing document was served via the Court's ECF/CM e-filing system to all counsel of record on March 10, 2023.

*/s/ Jeremy P. Blumenfeld*
Jeremy P. Blumenfeld