UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MARY LALIBERTE,** *et al.*, § | | |
| § | | |
| **Plaintiffs,** § | | |
| § | | |
| v. § | Case No: 4:22-cv-03290 | |
| § | | |
| **QUANTA SERVICES, INC.,** *et al.*, § | | |
| § | | |
| **Defendants.** § | | |

### DEFENDANTS' THIRD NOTICE OF SUPPLEMENTAL AUTHORITIES

Defendants respectfully submit this third Notice of Supplemental Authorities in Support of their Motion to Dismiss the Complaint (ECF 36), issued after Defendants filed their Reply (ECF 42). These supplemental authorities are persuasive authority from the Tenth Circuit and several district courts (the District of Colorado, the Western District of Washington, and the Northern District of Illinois) that dismissed, or affirmed dismissal of, ERISA fiduciary breach claims that are substantially similar to the claims that Plaintiffs bring here. The Fifth Circuit still has not addressed these issues, and Defendants are not aware of any pending on point Fifth Circuit cases.

***Matney v. Barrick Gold of N. Am.*, No. 22-4045, 2023 WL 5731996 (10th Cir. Sept. 9, 2023)**

The Tenth Circuit recently joined the Eighth, Ninth, Sixth, and Seventh Circuits in holding that to "raise an inference of imprudence" based on investment fund performance or price, a plaintiff "has the burden to allege a 'meaningful benchmark.'" *Matney v. Barrick Gold of N. Am.*, No. 22-4045, 2023 WL 5731996, at *6-7 (10th Cir. Sept. 9, 2023) (**attached as Exhibit A**) (citing *Meiners v. Wells Fargo & Co.*, 898 F.3d 820, 821 (8th Cir. 2018); *Smith v. CommonSpirit Health*,

1

37 F.4th 1160, 1162 (6th Cir. 2022); *Albert v. Oshkosh Corp.*, 47 F.4th 570, 574 (7th Cir. 2022)); *see also* ECF 36 at 17-18; ECF 42 at 2-3, 5 (citing *Meiners, Smith*, and *Albert*).

A "meaningful benchmark," the court went on to hold, requires allegations that the alternative investment options have "similar investment strategies, similar investment objectives, or similar risk profiles to the plan's funds." *Matney*, 2023 WL 5731996, at *8. Among other things, the Tenth Circuit held that the plaintiffs' allegations comparing JP Morgan target date funds ("TDFs") to American Funds TDFs failed this meaningful benchmark requirement. These are the *same exact* JP Morgan and American Funds TDFs that Plaintiffs use in their Complaint in this case. *Id*. at *12 n.14.

The same result is warranted here. Like *Matney*, Plaintiffs' Complaint does not allege how the claimed comparator funds have similar "investment strategies, investment objectives, or risk profiles" to the challenged funds. Plaintiffs even rely on the same comparator TDFs that the *Matney* court rejected. As the Tenth Circuit aptly stated, "absent facts alleging the [comparator funds] are similar enough to the Plan's funds, the complaint fails to supply a meaningful benchmark for comparison." *Matney*, 2023 WL 5731996, at *12. So too here.

**Jones v. DISH Network Corp., 2023 WL 2644081 (D. Colo. Mar. 27, 2023) ("*Jones II*")**

As Defendants previously informed the Court, Magistrate Judge Scott Varholak of the United States District Court for the District of Colorado issued a recommendation to dismiss a complaint under Rule 12, brought by Plaintiffs' same counsel, which contains allegations regarding the Fidelity Freedom TDFs that are nearly identical to the allegations in Plaintiffs' Complaint here. *See* ECF 43 (citing *Jones v. DISH Network Corp.*, 2023 WL 2796943 (D. Colo. Jan. 31, 2023)).

2

After Defendants submitted Magistrate Judge Varholak's recommendation to the Court, Judge Christine Arguello upheld it in its entirety. *Jones v. DISH Network Corp.*, 2023 WL 2644081, at *8 (D. Colo. Mar. 27, 2023) ("*Jones II*") (attached as **Exhibit B**). Judge Arguello agreed with Magistrate Judge Varholak's conclusions that (1) comparisons of the Freedom Funds TDFs to a suite of Fidelity Index TDFs ("Index Suite") were inapt, (2) allegations that certain of the Freedom Funds' underlying investments underperformed were also inapt because they did not "consider the portfolio as a whole," and (3) comparisons of the Freedom Funds to other "popular" TDFs were inapt because they focused on "short-term relative underperformance," which is "insufficient to establish imprudent monitoring" because it can be "reasonably explained by market conditions and investment strategies." *See id*. at *6-8; *see also* ECF 43 at 1-3. Plaintiffs make the same flawed allegations here, relying on the same other "popular" TDFs, and the same result should follow. *See* ECF 43 at 1-2.

**<u>Beldock v. Microsoft Corp.</u>, 2023 WL 3058016 (W.D. Wash. Apr. 24, 2023) ("*Beldock II*")**

As Defendants previously informed the Court, Judge James L. Robart of the United States District Court for the Western District of Wisconsin dismissed allegations similar to Plaintiffs' here under Rule 12 regarding the BlackRock TDFs, once again brought by some of Plaintiffs' same counsel. *See* ECF 43 at 3-4 (citing *Beldock v. Microsoft Corp.*, (W.D. Wash. Feb. 7, 2023). After granting the *Beldock* plaintiffs leave to amend their complaint, Judge Robart rejected their allegations again. Although the *Beldock II* plaintiffs compared the BlackRock funds to "additional measurements of investment performance," including market indices and the same comparator TDFs Plaintiffs rely on here, for rolling three- and five- year periods going back almost ten years, these metrics did not suffice to state a claim. *Beldock v. Microsoft Corp.,* 2023 WL 3058016, at *3-4 (W.D. Wash. Apr. 24, 2023) ("*Beldock II*") (attached as **Exhibit C**). Such "alleged poor

3

performance during a brief timeframe" is insufficient to raise claims "above the level of speculation and into plausibility." *Beldock II* at *2-3.

So too here. Plaintiffs rely on similarly flawed short-term performance metrics for their claims regarding the Freedom Funds compared to the same other TDFs that were considered and rejected in *Beldock II*. Plaintiffs here likewise make similarly flawed comparisons to market indices for their claims regarding the American Small Cap Fund and DFA International Small Cap Value Fund. For these additional reasons, Plaintiffs' claims should be dismissed. *See* ECF 36 at 16, 22; ECF 42 at 4-5.

**<u>Luckett v. Wintrust Fin. Corp., 2023 WL 4549620 (N.D. Ill. Jul. 14, 2023)</u>**

Judge Mary M. Rowland of the United States District Court for the Northern District of Illinois dismissed allegations similar to Plaintiffs' here under Rule 12 regarding the BlackRock suite of TDFs, once again brought by some of Plaintiffs' same counsel. *Luckett v. Wintrust Fin. Corp.,* 2023 WL 4549620, at *3-4 (N.D. Ill. Jul. 14, 2023) (attached as **Exhibit D**).

Judge Rowland dismissed imprudence claims premised on performance comparisons to "alternative" TDFs that are virtually identical to the comparisons that Plaintiffs make here—the Fidelity Index, American, T. Rowe Price, and Vanguard TDFs. *See id*. at 3. In doing so, the court rejected the Luckett plaintiffs' argument that "the question of comparators should not be resolved on a motion to dismiss" because "at the pleading stage, Plaintiff still must provide a 'sound basis for comparison—a meaningful benchmark.'" Plaintiffs here have similarly argued that the question of comparators is "not properly resolved on a motion to dismiss." ECF 40 at 17. This Court should follow the lead of Judge Rowland—and the uniform circuit authority discussed above—and reject this argument. Like the *Luckett* plaintiffs, Plaintiffs here similarly fail to allege "meaningful comparators" as to both the Active Suite and the American Small Cap Value Fund

4

and the DFA International Small Cap Value Fund, warranting dismissal. *See* ECF 36 at 17-18; ECF 42 at 2-3, 5.

Like the complaints in *Matney*, *Jones II*, *Beldock II*, and *Luckett*, the Complaint here should be dismissed under Rule 12(b)(6).

Dated: September 14, 2023                    Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

/s/ *Jeremy P. Blumenfeld*
Jeremy P. Blumenfeld, *Admitted Pro Hac Vice*
Attorney-In-Charge
Pennsylvania Bar No. 85955
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
*jeremy.blumenfeld@morganlewis.com*

David J. Levy
Texas Bar No. 12264850
S.D. Tex. No. 13725
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
Telephone: (713) 890-5000
*david.levy@morganlewis.com*

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that a true and correct copy of the foregoing document was served via the Court's ECF/CM e-filing system to all counsel of record on September 14, 2023.

/s/ *Jeremy P. Blumenfeld*
Jeremy P. Blumenfeld