United States District Court
Southern District of Texas
**ENTERED**
September 29, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARY LALIBERTE, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:22-CV-03290 |
| QUANTA SERVICES, INC., *et al.*, | § § § | |
| Defendants. | § § | |

# ORDER

Before the Court are Defendants' Motion to Dismiss (Doc. #36), Plaintiffs' Response (Doc. #40), and Defendants' Reply (Doc. #42). Having considered the parties' arguments and the applicable legal authorities, the Court denies Defendants' Motion to Dismiss.[1]

## I. Background

This is a class action suit alleging breach of fiduciary duties under the Employee Retirement Income Security Act ("ERISA"). Named Plaintiffs Mary Laliberte ("Laliberte") and Marie McKnight ("McKnight") (collectively, "Plaintiffs") are former employees of Quanta Services, Inc. ("Quanta") who participated in Quanta's 401(k) Savings Plan (the "Plan"). Doc. #1 ¶¶ 1, 9–10. Plaintiffs state that Quanta, along with Quanta's Board of Trustees and Quanta's 401(k) Savings Plan Committee (collectively, "Defendants") maintained the Plan and were

---

[1] The Court is also in receipt of a Motion for Leave for the Chamber of Commerce of the United States of America to Participate as Amicus Curiae, wherein the Chamber of Commerce seeks to file an amicus curiae brief in support of Defendants' Motion to Dismiss. Doc. #37. The Chamber of Commerce's Motion for Leave (Doc. #37) is DENIED AS MOOT because the Court had sufficient arguments before it to make a reasoned ruling on Defendants' Motion to Dismiss without relying on additional briefing from the Chamber of Commerce.

responsible for "selecting, monitoring, and retaining the service provider(s) that provide investment, recordkeeping, and other administrative services" for the Plan. *Id.* ¶¶ 1, 5. It is undisputed that Defendants are fiduciaries under ERISA. *See* Doc. #36. Among the Plan's fourteen target date fund ("TDFs") investments are the Fidelity Freedom Funds (the "Freedom Fund"), the American Beacon Small Cap Value Fund (the "American Beacon Fund"), and the DFA International Small Cap Value Fund (the "DFA Fund") (collectively, the "Challenged Investments"). Plaintiffs contend that the Challenged Investments are "objectively imprudent investment options." Doc. #40 at 5–7. Specifically, Plaintiffs avers that the Freedom Fund is (1) high-risk and unsuitable for Plan participants, (2) considerably more costly than other TDFs, such as the Fidelity Freedom Index Series (the "Index Fund"), (3) not as favored by investors, and (4) inferior to other TDFs in its returns. *See* Doc. #1 ¶¶ 29–48. Further, Plaintiffs contend that the American Beacon Fund and the DFA Fund have each "consistently and significantly" underperformed their respective benchmarks. *Id.* ¶¶ 50–58.

As such, on September 26, 2022, Plaintiffs, in their individual capacities and as representatives of a class of similarly situated persons, sued Defendants claiming that Defendants breached their fiduciary duties to the Plan because they "selected, retained, or otherwise ratified high-cost and poorly performing investments instead of offering more prudent alternative investments that were readily available at the time and during the Class Period."[2] Doc. #1 ¶ 6. Plaintiffs specifically allege that Defendants breached their fiduciary duties and failed to monitor fiduciaries and co-fiduciaries' breaches, or alternatively, were liable for knowing breach of trust. *See* Doc. #1. Defendants moved to dismiss Plaintiffs' Complaint in its entirety. Doc. #36.

---

[2] Plaintiffs define the "Class Period" as "beginning six years prior to the date the [a]ction [was] filed and continuing to the date of judgment, or such earlier date that the Court determines is appropriate and just." Doc. #1 ¶ 1.

## II. Legal Standard: Federal Rule of Civil Procedure 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a complaint need only allege facts sufficient to state a claim for relief that is plausible on its face and need not contain detailed factual allegations. *Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Significantly, a complaint may proceed even if recovery is very remote and unlikely, so long as the alleged facts raise a right to relief above the speculative level." *Id.* In evaluating the complaint, the Court takes "the well-pleaded factual allegations in the complaint as true" but does "not credit conclusory allegations or allegations that merely restate the legal elements of a claim." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

## III. Analysis

### a. Breach of Fiduciary Duty Claims

"[T]o allege a breach of fiduciary duty under ERISA, Plaintiffs must show that: (1) the [p]lan is governed by ERISA; (2) Defendants were fiduciaries of the [p]lan; and (3) Defendants breached their duties of prudence and/or loyalty under ERISA, resulting in losses to the participants of the [p]lan." *Blackmon v. Zachary Holdings, Inc.*, No. 5:20-CV-DAE, 2021 WL 2190907, at *3 (W.D. Tex. Apr. 22, 2021). The third prong is the only element of Plaintiffs' claims that are in dispute.

Defendants argue that Plaintiffs cannot state viable breach of fiduciary duty claims because it is not appropriate for Plaintiffs to compare the Freedom Fund's performance with the Index Fund's performance nor to compare the performance of the Freedom Fund with any other TDFs in the Plan. Defendants further argue that Plaintiffs' allegations regarding the Freedom Fund, the

3

American Beacon Fund, and the DFA Fund do not create an inference of imprudence. *See* Doc. #36 at 9–19. Relying on the Sixth Circuit's holding in *Smith v. CommonSpirit Health* and the Eighth Circuit's holding in *Meiners v. Wells Fargo and Company*, Defendants urge the Court to find that Plaintiffs failed to "provide a sound basis for comparison—a meaningful benchmark" to plausibly allege that a "prudent fiduciary in like circumstances would have selected a different TDF." *See* Doc. #36 at 11; *Smith*, 37 F.4th 1160 (6th Cir. 2022); *Meiners*, 898 F.3d 820 (8th Cir. 2018). Defendants contend that Plaintiffs must "plead facts showing that their alternative [TDFs] had similar investment strategies, asset allocations, and risk profiles to the challenged funds," which Plaintiffs did not do in their Complaint. Doc. #36 at 12. Plaintiffs argue that Defendants' "meaningful benchmark" argument should not be addressed at the motion to dismiss stage. Doc. #40 at 9. Further, Plaintiffs aver that even if addressed at this stage, their suggested comparisons between the Freedom Fund and the Index Fund, or the Freedom Fund and other TDFs, are appropriate because the "fundamental objectives" of the TDFs are the same. *Id.* at 11.

The Fifth Circuit has not adopted the Sixth Circuit's holding in *Smith* nor the Eighth Circuit's holding in *Meiners* requiring a meaningful benchmark. Moreover, the Fifth Circuit has not commented on which stage of the litigation, if any, is most appropriate for lower courts to consider arguments regarding whether the meaningful benchmark requirement was met. *See Locascio v. Fluor Corp.*, No. 3:22-CV-0154-X, 2023 WL 320000, at *6 ("So what is a meaningful benchmark? The Fifth Circuit has yet to define it exactly, . . . ."); *see also Blackmon*, 2021 WL 2190907, at *5 & n.1 (finding that the plaintiffs' allegations were sufficient for the court to reasonably infer imprudence by the fiduciaries and stating that the court was compelled to reach this conclusion "by the lack of Fifth Circuit guidance on this issue"). Furthermore, the Court's sister courts that have addressed this issue are split on the matter. *Compare Blackmon*, 2021 WL

4

2190907 (denying the defendants' motion to dismiss), *with Locascio*, 2023 WL 320000 (granting defendants' motions to dismiss). Thus, due to the lack of guidance from the Fifth Circuit, the Court is most persuaded to follow the Honorable David Alan Ezra's approach in *Blackmon* for direction.

Like in this case, the defendants in *Blackmon* argued that the plaintiffs' breach of fiduciary duty claim should be dismissed because "[p]laintiffs cannot state a viable claim based on inappropriate comparisons of actively-managed [(i.e. the Freedom Fund)] versus passively-managed funds [(i.e. the Index Fund)]" and further because plaintiffs' challenges to the Freedom Fund and other TDFs do not plausibly allege imprudence. *Blackmon*, 2021 WL 2190907, at *4. After considering the opinions of numerous district court judges around the country, Judge Ezra ultimately agreed with other courts that have held "that determination of the appropriate benchmark for a fund is not properly resolved at the motion to dismiss stage." *Id.* at *5. Thus, Judge Ezra decided not to dismiss the plaintiffs' breach of fiduciary duty claim, stating, "Plaintiffs' allegations here, coupled with suggested comparisons, permit the Court to reasonably infer imprudence by the fiduciaries." *Id.*

Here, the Court also finds that Plaintiffs' allegations regarding the underperformance, high risk, and costs of the Challenged Investments, in addition to Plaintiffs' suggested comparisons between the TDFs, permit the Court to reasonably infer imprudence by the Defendants. Accordingly, Plaintiffs have plausibly stated a claim for breach of fiduciary duty, and Defendants' Motion to Dismiss is denied as to this claim.

b. **Failure to Monitor and Knowing Breach of Trust Claims**

Defendants address Plaintiffs' failure to monitor and knowing breach of trust claims in a footnote at the end of their Motion, stating, "Plaintiffs' failure-to-monitor claim is entirely

predicated on their underlying claim for breach of the duty of prudence, which warrants dismissal. . . . Plaintiffs' 'knowing participation theory' fails because they do not plead any underlying breach." Doc. #36 at 25 n.30 (citation omitted). Considering the Court has already declined to dismiss Plaintiffs' breach of fiduciary duty claim, Plaintiffs' failure to monitor and knowing breach of trust claims must also survive Defendants' Motion to Dismiss. *See Blackmon*, 2021 WL 2190907, at *7. As such Defendants' Motion to Dismiss is denied as to these claims.

### IV. Conclusion

For the foregoing reasons, the Court DENIES Defendants' Motion to Dismiss (Doc. #36). Further, the Chamber of Commerce's Motion for Leave to Participate as Amicus Curiae (Doc. #37) is DENIED AS MOOT.

It is so ORDERED.

SEP 2 9 2023
Date

The Honorable Alfred H. Bennett
United States District Judge