United States District Court
Southern District of Texas
**ENTERED**
October 23, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARY LALIBERTE, et al., § § § Plaintiffs, § VS. § § QUANTA SERVICES, INC., et al., § § § Defendants. § | CIVIL ACTION NO. 4:22-CV-03290 |

## AGREED STIPULATED CONFIDENTIALITY ORDER

WHEREAS, it is anticipated that the parties to this lawsuit will be producing documents and supplying information, which a party may regard as proprietary or otherwise confidential, during the discovery phase of this action;

WHEREAS, it is also anticipated that court filings in this matter will include references to documents or information that a party may regard as proprietary or otherwise confidential;

WHEREAS, it is further anticipated that deposition testimony in this matter will include references to documents or information that a party may regard as proprietary or otherwise confidential;

WHEREAS, the parties to this action desire to protect the confidentiality of any such proprietary or otherwise confidential documents or testimony furnished in the course of this action;

IT IS HEREBY stipulated and made an Order of the Court that—until this Stipulated Confidentiality Order is amended or superseded—all parties and their agents, including their employees and counsel, who are provided with Confidential Information (as defined below) shall follow the procedures set forth below with respect to certain documents, information, or testimony provided or exchanged in this action.

### A. Scope

1. This Order shall govern all documents and information produced by any party to this action, whether produced informally or pursuant to a formal discovery request, and shall also include all documents or information revealed during a deposition, in any interrogatory answer, in any response to request for admission, or otherwise disclosed via discovery.

2. Nothing in this Order precludes any party from seeking relief from the Court with regard to the production of documents or information.

3. This Order does not alter any confidentiality obligations that a party may have at law or under another agreement.

4. Nothing in this Order shall be construed as an agreement or acknowledgment by the non-producing party that any document, testimony, or other information designated as "Confidential" or "Confidential—Attorneys' Eyes Only" (as those phrases are defined below) constitutes a trade secret or is in fact confidential.

### B. Confidential Information

1. Materials that contain sensitive information may be designated as "Confidential" or as "Confidential—Attorneys' Eyes Only." The producing party will make such a designation only for those documents or discovery responses that are in good faith believed to contain or constitute valuable confidential, proprietary, trade secret, or otherwise sensitive information. Materials so designated are referred to herein as "Confidential Information."

2. Documents shall be designated as Confidential Information by marking or stamping each page of any such document as "Confidential" or "Confidential—Attorneys' Eyes Only," or otherwise identifying such documents by Bates production numbers or other unequivocal identifier

in writing to each party receiving the Confidential Information. In lieu of marking the originals of documents, any party may mark the copies of such documents that are produced or exchanged.

3. With respect to deposition testimony that constitutes or references Confidential Information, confidential portions of the transcript may be designated as such on the record at the time the testimony is given, and additional portions of the testimony may be designated as "Confidential" or "Confidential—Attorneys' Eyes Only" within thirty (30) days of receipt of the transcript. Until the thirty-day period has expired, the entire transcript shall be treated as Confidential Information if any portions had been so designated on the record. Additionally, in any deposition in which documents designated as containing Confidential Information are marked as exhibits, shown to the deponent, or otherwise employed, those documents shall be considered confidential and subject to the provisions of this Order.

C. **Treatment of Confidential Information**

1. Except as otherwise provided in this Order or subsequent court rulings, documents designated as "Confidential" shall not be disclosed or shown to anyone other than:

(a) The parties, their employees, and their agents to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

(b) Outside counsel for the parties, their employees, and their agents to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

(c) In-house counsel for the parties, their employees, and their agents to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

(d) Persons employed by any party or by counsel solely for the purpose of assisting in the preparation of this action for trial, including but not limited to experts, their staff, and support personnel to whom it is necessary that Confidential Information be shown for purposes of assisting in such preparation;

(e) The Court or persons employed by the Court, including the jury;

(f) Duly qualified court reporters and videographers participating in these proceedings;

(g) Outside service providers or consultants providing services related to document processing, hosting, review and production;

(h) Persons who were the authors or recipients of the documents in the ordinary course of business;

(i) Witnesses in preparation for or in the course of depositions or the trial of this matter; and

(j) Persons who, in addition to those identified above, are permitted access by either order of the Court or stipulation.

2. In the event that documents or testimony are designated as "Confidential—Attorneys' Eyes Only," such information shall not be disclosed or shown to anyone other than the persons described in paragraph C.1(b), C.1(d), C.1(e), C.1(f), C.1(g), C.1(h), and C.1(j).

3. Confidential Information shall be used by the receiving party solely for the prosecution or defense of this litigation and only as provided in this Stipulated Confidentiality Order. Confidential Information shall not be used or employed for any other action, proceeding, or purpose whatsoever.

4. Before disclosing Confidential Information to any third party pursuant to this Order, the disclosing party must provide prior written notice to the producing party or any other party designating the information as Confidential Information. Such disclosure shall not be made until (1) such party consents to the disclosure; or (2) the court resolves any objections to the disclosure, whichever is earlier. Any objections to such disclosure shall be made in writing to the court within ten (10) business days of receipt of the notice.

5. Notwithstanding anything to the contrary in the foregoing paragraphs, any party may use without restriction:

(a)   its own documents or information; and

(b)   documents or information developed or obtained by a receiving party independently of discovery in this action.

6. Each person given access to designated Confidential Information shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulated Confidentiality Order. To the extent such person is neither a party nor employed by a party, such person shall be provided with a copy of this Order and shall sign an Agreement to Be Bound to this Order (Doc. #56, Ex. A) before any Confidential Information is disclosed.

7. No Confidential Information shall be filed with the Court or used in a hearing unless the party seeking to file or use the Confidential Information has provided, at least five (5) business days before the filing or hearing, written notice to all parties and any person designating the information as Confidential Information. This pre-filing notice shall identify the specific information that the party intends to file or use. Any objections to such filing or use shall be made in writing to the Court within the five-day period with a request for an expedited hearing. If objections are lodged, the Confidential Information must not be filed or used until further

instruction from the Court, unless the information is filed pursuant to the Court's procedures for filing documents under seal.

8. The inadvertent or unintentional disclosure of Confidential Information, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter if, within ten (10) days of discovering the inadvertent failure to designate the material as confidential, the person or entity that provided the Confidential Information identifies the material produced and amends the designation.

9. If a non-party or another party produces documents that a party wishes in good faith to be treated as Confidential Information, the party wishing to make that designation must do so within thirty (30) days of receipt, and identify the information by bates label or, where not bates labeled, by document title and page number(s) or page and line number(s). The party wishing to make the designation shall thereafter label the document or information in the manner described in paragraph B.2 above and provide the labeled documents to the non-designating party so they may thereafter treat the document or information in accordance with such labeling.

10. If any party in possession of Confidential Information is served with a subpoena, request for production of documents, or other similar legal process in another proceeding seeking production of Confidential Information, the receiving party shall give written notice, by electronic mail, to the undersigned counsel for the party that produced the Confidential Information. To the extent permitted by applicable law, the receiving party shall not produce any of the producing party's Confidential Information for a period of at least ten (10) business days after providing the required notice to the producing party. If, within ten (10) business days

of receiving such notice, the producing party provides written notice to the receiving party that it opposes production of its Confidential Information, the receiving party shall not thereafter produce such information, except pursuant to a court order (or other order which subjects the party to penalties for noncompliance) requiring compliance with the subpoena, request for production, or other legal process. The producing party shall be solely responsible for asserting any objection to the requested production. The receiving party shall provide a copy of this Order to the third party requesting production of Confidential Information.

11. Within thirty (30) days of the settlement or final adjudication, including appeals, of the action in which the documents have been produced, all Confidential Information supplied by the parties and non-parties and all copies thereof shall, upon request, be certified to have been destroyed or deleted. However, it is understood that each party may retain a complete file of all litigation documents filed with the Court in these actions and that work product in the possession or control of counsel for any party that reflects or includes information derived from documents or testimony designated as confidential will not be destroyed or deleted.

12. Any dispute concerning the application of this Stipulated Confidentiality Order shall be heard in accordance with the Court's Procedures and Practices. Any violation of this Stipulated Confidentiality Order may result in sanctions and costs.

Stipulated to and Agreed to by:

October 20, 2023  
Date

/s/ *John S. Edwards, Jr*  
Counsel for Plaintiffs

October 20, 2023  
Date

/s/ *Jeremy P. Blumenfeld*  
Counsel for Defendant

It is so ORDERED.

10/23/23  
Date

The Honorable Alfred H. Bennett  
United States District Judge