UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MARY LALIBERTE et al.,** | § § § | Case No: 4:22-cv-03290 |
| **Plaintiffs,** | § § | Oral Argument Requested |
| v. | § § | |
| **QUANTA SERVICES, INC., et al.,** | § § § | |
| **Defendants.** | § | |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO CERTIFY INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

Plaintiffs' Opposition attempts to defeat certification based on arguments this Court has already rejected. They argue that courts of appeals do not "require[] a 'meaningful benchmark'" (Opp'n 10) even though this Court already acknowledged holdings from the Sixth and Eighth Circuits "*requiring a meaningful benchmark*." Order at 4. They also accuse Quanta of "manufactur[ing] a 'split'" on whether it is necessary to plead a "meaningful benchmark" for this type of fiduciary duty claim (Opp'n 10), but this Court already acknowledged that "the Court's sister courts that have addressed this issue *are split on the matter*." Order at 4 (emphasis added). In sum, the Court has already rejected many of the arguments Plaintiffs now raise in opposition to certification. And as explained below, Plaintiffs' other arguments are meritless. Accordingly, the Court should certify the Order for interlocutory appeal.

**I.  The Requirements For Pleading A Fiduciary Duty Claim Under ERISA Present A Controlling Question Of Law.**

Plaintiffs argue that the Order does not involve a "controlling question of law" because the requirements for pleading an ERISA fiduciary duty claim supposedly are "well-settled," *see* Opp'n 1, 5, 6 n.2, 9, and Quanta supposedly is not challenging that standard, but rather the application of

1

that standard to the facts of this case, *see id.* at 7.  Plaintiffs are wrong on both counts.

First, as this Court expressly acknowledged in the Order, the standard for pleading a viable fiduciary duty claim under ERISA is ***not*** "well-settled."  Although the Sixth, Seventh, Eighth, Ninth and Tenth Circuits impose a "meaningful benchmark" requirement at the pleading stage, the Fifth Circuit has not yet spoken on this issue.[1]  Order at 4; Mot. at 13-14.  And "the Court's sister courts that have addressed this issue are split on the matter."  Order at 4.

Plaintiffs contend that the Supreme Court has settled the pleading question by directing courts to perform a "context-specific" inquiry when deciding whether allegations suffice to state a viable fiduciary breach claim under ERISA.  *See* Opp'n at 2, 6–7, 11 (citing *Hughes v. Nw. Univ.*, 595 U.S. 170, 173 (2022)).  But every court of appeals to perform a "context-specific" inquiry after *Hughes* has held as a matter of law that plaintiffs must plead a "meaningful benchmark" to plausibly allege an ERISA fiduciary-duty claim based on alleged excessive costs and underperformance of TDFs and other mutual funds.  *See* Mot. 15–16.  That controlling question of law is what this Court recognized was not "well-settled" in the Fifth Circuit, *see* Order at 5, and Quanta seeks to appeal this Court's decision not to require a "meaningful benchmark" at the motion-to-dismiss stage.  *See id*. 4–5.  In sum, Quanta seeks to obtain appellate clarification on the applicable legal standard that this Court acknowledged (correctly) was not settled in this circuit.[2]

## II. There Is Substantial Ground For Difference Of Opinion Concerning The Requirements For Pleading A Fiduciary Duty Claim Under ERISA.

There is substantial ground for difference of opinion concerning this Court's decision not

---

[1] No court of appeals has rejected the "meaningful benchmark" requirement at the pleading stage.

[2] Plaintiffs cite an out-of-circuit, unpublished docket order in which the District of Massachusetts denied certification.  *See* Opp'n 7–8, 12–13 (citing *Monteiro v. The Children's Hospital Corp.*, No. 1:22-cv-10069-AK, Dkt. 66 (D. Mass. July 20, 2023)).  But that docket order does not even mention the "meaningful benchmark" standard.  *Monteiro*, Dkt. 56 (D. Mass. Mar. 15, 2023).

to require a "meaningful benchmark" at the pleading stage because (1) every court of appeals to decide the issue has held that a meaningful benchmark is required, (2) the Fifth Circuit has not yet addressed the issue, and (3) district courts in the Fifth Circuit are divided on the issue. *See* Mot. 13–16. Plaintiffs' attempts to dispute these claims fail.

First, Plaintiffs mischaracterize the appellate decisions requiring a "meaningful benchmark." Contrary to Plaintiffs' assertion, as this Court already noted, the Sixth and Eighth Circuits hold that allegations of a "meaningful benchmark" are required to state a claim. Order at 4 (citing *Meiners v. Wells Fargo & Co.*, 898 F.3d 820 (8th Cir. 2018), and *Smith v. CommonSpirit Health*, 37 F.4th 1160 (6th Cir. 2022)). So do the Seventh, Ninth, and Tenth Circuits. *See* Mot. 13–14. Plaintiffs' only real response is to cherry-pick *dicta* from those cases suggesting that the analysis must be fact-specific. In so doing, they ignore clear statements from those courts **requiring** a "meaningful benchmark" to state a claim. *See id.* (quoting cases). Notably, Plaintiffs have not identified **any appellate decision** holding that a plaintiff adequately pleads an ERISA fiduciary duty claim without a "meaningful benchmark."

Second, Plaintiffs attack a strawman in disputing whether there is substantial ground for disagreement "simply because" the Fifth Circuit has not addressed the issue. Opp'n 13. Quanta does not contend that every issue of first impression warrants certification, but the "lack of guidance from the Fifth Circuit" (Order at 5) here weighs in favor of certification because district courts within this Circuit disagree, **and** the Order conflicts with uniform authority from other circuits.

Third, Plaintiffs suggest that *Locascio v. Fluor Corp.*, No. 3:22-CV-0154-X, 2023 WL 320000 (N.D. Tex. Jan. 18, 2023), does not require allegations of a "meaningful benchmark" at the pleading stage. *See* Opp'n 10–11. That is a mischaracterization of *Locascio*, which dismissed

3

an ERISA fiduciary duty claim for failure "to provide meaningful comparison in his pleadings to demonstrate that his selected funds are sufficiently similar benchmarks." 2023 WL 320000, at *6. *Locascio*'s observation that "some" courts require a "meaningful benchmark" merely suggests that other courts—like Judge Ezra in *Blackmon v. Zachary Holdings, Inc.*, No. 5:20-CV-DAE, 2021 WL 2190907 (W.D. Tex. Apr. 22, 2021), which Plaintiffs mention only in passing in their Opposition—do not. Plaintiffs have not shown—nor could they—that this Court was wrong when it wrote that its sister district courts "are split on the matter." Order at 4.[3]

### III. Immediate Appeal From The Order May Materially Advance The Ultimate Termination Of The Litigation.

Plaintiffs argue that immediate appellate review of the pleading standard "would be a costly drain on judicial efficiency" and "delay justice in other pending cases[.]" Opp'n 9 & n.4; *see also id.* at 2. This argument repeats Plaintiffs' erroneous claim that the legal question presented is so well-settled that appellate review is unnecessary. And Plaintiffs cite no cases from the ERISA class-action context, in which "the threat of costly duty-of-prudence lawsuits" is particularly severe and Rule 12(b)(6) is an "important mechanism for weeding out meritless [ERISA] claims." *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 423–25 (2014).

Plaintiffs also argue that immediate appeal would not materially advance the ultimate termination of the litigation because even if a "meaningful benchmark" were required at the pleading stage, the case would proceed for two reasons. Both are wrong.

---

[3] None of the cases Plaintiffs cite support the proposition that disagreements between district courts within the Fifth Circuit do not "rise to the level of substantial differences of opinion." Opp'n 13. *See Villafranca v. Ticor Title Ins. Co.*, 2008 WL 11425704 (N.D. Tex. Nov. 25, 2008) (where four decisions from a single district court agree on a legal question, contrary authority from another circuit does not warrant certification); *Maverick Field Servs., LLC v. Emaxx Ins. Servs., LLC*, 2023 WL 6162757, at *1 (S.D. Tex. Sept. 21, 2023) (a party's disagreement on a settled question of law does not warrant certification).

First, Plaintiffs claim that they already satisfy the "meaningful benchmark" standard. *See* Opp'n 8 n.3, 11 n.5, 14–15. Not so. As Quanta explained in detail, Plaintiffs' complaint falls well short of alleging a "meaningful benchmark" under the test that other courts have adopted. *See* Mot. 11–12; *see also* Dkts. 36, 42. This Court's Order did not conclude otherwise.

Second, Plaintiffs claim they could allege a "meaningful benchmark," if necessary, if they had an opportunity to amend. *See* Opp'n 8 & n.3, 14–15.[4] But if Plaintiffs could allege such facts, it is unclear why they have held them in reserve until now. Dismissal of the case as currently pled will materially advance the litigation; Plaintiffs' vague assurances that they could amend their complaint to state a claim under the proper standard is insufficient to show otherwise.

\*   \*   \*

Defendants respectfully request that the Court certify its Order for interlocutory review.

Dated: November 27, 2023                                   Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

David J. Levy  
Texas Bar No. 12264850  
S.D. Tex. No. 13725  
1000 Louisiana Street, Suite 4000  
Houston, Texas 77002  
Telephone: (713) 890-5000  
*david.levy@morganlewis.com*

/s/ *Jeremy P. Blumenfeld*  
Jeremy P. Blumenfeld, *Admitted Pro Hac Vice*  
Attorney-In-Charge  
Pennsylvania Bar No. 85955  
1701 Market Street  
Philadelphia, PA 19103  
Telephone: (215) 963-5000  
*jeremy.blumenfeld@morganlewis.com*

**CERTIFICATE OF SERVICE**

The above-signed certifies that a true and correct copy of the foregoing document was served via the Court's ECF/CM e-filing system to all counsel of record on November 27, 2023.

---

[4] Plaintiffs make the same argument when claiming that the requirements for stating a fiduciary duty claim under ERISA do not present a "controlling question of law." Opp'n 8 & n.3. But Plaintiffs do not identify any case in which a legal issue is not "controlling" when one outcome would lead to dismissal of a complaint for failure to state a claim.