IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MARY LALIBERTE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> QUANTA SERVICES, INC., *et al.*, <br><br> Defendants. | Case No: 4:22-cv-03290 |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs, Mary Laliberte and Marie McKnight (collectively, "Plaintiffs"), individually and on behalf of the Quanta Services, Inc. 401(k) Savings Plan ("Plan") and a proposed class of participants and beneficiaries in the Plan, respectfully submit this Notice of Supplemental Authority, to bring the Court's attention to a recent order by a court in the Northern District of Texas that is relevant to the Court's consideration of Defendants' pending Motion to Certify Interlocutory Appeal (ECF No. 58, the "Motion"): *Seidner v. Kimberly-Clark Corp.*, No. 3:21-CV-867-L, ECF No. 80 (N.D. Tex. Jan. 23, 2024) (attached as Exhibit A hereto).

In a similar ERISA breach of fiduciary duty action, the *Seidner* court directly addressed and rejected the exact arguments advanced by Defendants, and denied a motion to certify interlocutory appeal to the Fifth Circuit.  As the Court in *Seidner* recognized, "[i]nterlocutory appeals are generally disfavored and limited to exceptional circumstances,"  *Seidner*, at 2 (internal quotation marks and citations omitted), and the same circumstances that are present here do not represent the exception.  Consistent with Plaintiffs' opposition (ECF No. 63), *Seidner* is further compelling authority supporting denial of the Motion.

1

*First*, Defendants argue that an interlocutory appeal of this Court's well-reasoned denial (ECF No. 53) of their Motion to Dismiss (ECF No. 36) involves a "controlling question of law" as to which there is substantial ground for difference of opinion—whether Plaintiffs must plead a "meaningful benchmark" to plausibly allege an ERISA fiduciary-duty claim. *See* Motion, at 2–3. The *Seidner* court was confronted with the exact same question. *Seidner*, at 1. In support of their Motion, Defendants argue that there is conflict among other courts regarding the pleading standard in breach of fiduciary duty cases and a lack of Fifth Circuit guidance on the issue. *See* Motion, at 13–15. As explained in Plaintiffs' opposition, these arguments must fail because the Supreme Court has already issued guidance holding that the applicable pleading standard for fiduciary breach claims under ERISA is "context-specific" and heavily fact-based. *See* ECF No. 63, at 2. Similarly, the *Seidner* court concluded that "a determination regarding the appropriate benchmark involved issues of fact that could not be decided at the motion to dismiss stage[.]" *Seidner*, at 2–3. As in *Seidner*, the Court should find that there is no controlling question of *law* implicated in the Motion.

*Second*, Defendants argue that interlocutory appeal is warranted because the appropriate pleading standard is a "controlling" question that would impact the course of litigation. *See* Motion, at 10. The *Seidner* court refutes this suggestion:

> In addition, the court determined that, *even assuming that such issues could be decided at the motion to dismiss stage*, Plaintiffs' allegations, combined with the comparisons included in their Amended Complaint, allowed it to reasonably infer imprudence by Defendants with respect to their decision-making process involving the Plan's payment of recordkeeping fees. The court, therefore, agreed with Plaintiffs that they had plausibly stated a claim for breach of the duty of prudence under ERISA, and denied Defendants' Motion [to Dismiss] on this ground.

*Siedner*, at 3 (emphasis added). The Court has already stated the same, finding that "Plaintiffs' allegations regarding the underperformance, high risk, and costs of the Challenged Investments, in addition to Plaintiffs' suggested comparisons between the TDFs, permit the Court to

reasonably infer imprudence by the Defendants." ECF No. 53, at 5. As did the *Siedner* court, the Court should find that an appeal of its order denying Defendants' motion to dismiss does not warrant interlocutory review.

*Third*, Defendants argue that an immediate appeal of this Court's order may materially advance the ultimate termination of the litigation. Motion, at 16. The defendants in *Siedner* argued the same and "express[ed] the hope that a different more favorable ruling on appeal regarding the applicable pleading standard in ERISA fiduciary duty cases would avoid wasting precious time while the case grinds through to summary judgment." *Siedner*, at 3. As Plaintiffs highlighted in their opposition, the *Seidner* court emphasized that Section 1292(B) is not meant to be used as a "vehicle to question the correctness of a district court's ruling or to obtain a second, more favorable ruling." *Id.* (quoting *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 722 (N.D. Tex. 2006); *see* ECF No. 63, at 1. The *Seidner* court further found that "granting Defendants' request to certify an interlocutory appeal and stay the case would unnecessarily delay the ultimate resolution of this litigation and result in unwarranted piecemeal litigation and appeals." *Siedner*, at 3. The same is true in this case, particularly where there is no analogous request to stay of discovery.

The Court should apply the same reasoning as the court in *Seidner* and deny the Motion.

Date: February 1, 2024                                          Respectfully submitted,

                                                  */s/ John S. "Jack" Edwards, Jr.*
                                                  John S. "Jack" Edwards, Jr.
                                                  Texas Bar No. 24040851
                                                  S.D. Tex. No. 38095
                                                  Thomas R. Ajamie
                                                  Texas Bar No. 00952400
                                                  S.D. Tex. No. 6165
                                                  AJAMIE LLP
                                                  Pennzoil Place - South Tower
                                                  711 Louisiana, Suite 2150

Houston, TX 77002
Telephone: (713) 860-1600
Fascimile: (713) 860-1699
Email: jedwards@ajamie.com
       tajamie@ajamie.com

James E. Miller
Laurie Rubinow
MILLER SHAH LLP
65 Main Street
Chester, CT 06412
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jemiller@millershah.com
       lrubinow@millershah.com

James C. Shah
Alec J. Berin
MILLER SHAH LLP
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jcshah@millershah.com
       ajberin@millershah.com

Mark K. Gyandoh
CAPOZZI ADLER, P.C.
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile: (717) 233-4103
Email: markg@capozziadler.com

Donald R. Reavey
CAPOZZI ADLER, P.C.
2933 North Front Street
Harrisburg, PA 17110
Telephone: (717) 233-4101
Facsimile: (717) 233-4103
Email: donr@capozziadler.com

*Attorneys for Plaintiffs, the Plan, and the Proposed Class*

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that a true and correct copy of the foregoing document was served via the Court's ECF/CM e-filing system to all counsel of record on February 1, 2024.

/s/ *John S. "Jack" Edwards, Jr.*
John S. "Jack" Edwards, Jr.