# Exhibit A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHRISTINA C. SEIDNER and JARED MACKRORY,** Individually, and as representatives of a Class of Participants and Beneficiaries of the Kimberly-Clark Corporation 401(k) & Profit Sharing Plan, <br><br> Plaintiffs, <br><br> v. <br><br> **KIMBERLY-CLARK CORPORATION and BENEFITS ADMINISTRATION COMMITTEE OF KIMBERLY-CLARK CORPORATION,** <br><br> Defendants. | §§§§§§§§§§§§§§§§§ | Civil Action No. **3:21-CV-867-L** |

# ORDER

Before the court is Defendants' Motion to Certify Order for Interlocutory Appeal ("Motion") (Doc. 44), filed April 17, 2023. Defendants also request that this action be stayed until the Fifth Circuit decides whether to accept the interlocutory appeal and issues a final decision. The Motion is opposed by Plaintiffs. Defendants' Motion (Doc. 44) and related request to stay this action are **denied** for the reasons herein explained.

Defendants contend that an interlocutory appeal is warranted because the court's March 30, 2023 denial (Doc. 41) of their Motion to Dismiss (Doc. 25) involves a controlling question of law—whether a plaintiff must plead a "meaningful benchmark" to state a claim for breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA")—as to which there is substantial ground for difference of opinion, and immediate appeal from that ruling may materially advance the ultimate termination of this litigation. Among other things, Defendants contend that the conflict among other circuit courts, the conflict among district courts

Order – Page 1

in the Fifth Circuit, and the lack of any guidance to date from the Fifth Circuit on this issue support a finding that there are substantial grounds for differences of opinion.

Generally, "a party is entitled to a single appeal, to be deferred until final judgment has been entered." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994); *see also Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 171 (5th Cir. 2009) ("[A]s a general rule, parties must litigate all issues in the trial court before appealing any one issue."). A district court, however, may certify an order for interlocutory appeal when the order (1) "involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

"Interlocutory appeals are generally disfavored" and limited to "exceptional" circumstances. *Allen v. Okam Holdings, Inc.*, 116 F.3d 153, 154 (5th Cir. 1997); *Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983). "The decision to certify an interlocutory appeal pursuant to section 1292(b) is within the discretion of the trial court and unappealable." *In re Air Crash Disaster Near New Orleans, La. on July 9, 1982*, 821 F.2d 1147, 1167 (5th. Cir. 1987), *vacated on other grounds by Pan Am. World Airways, Inc. v. Lopez*, 490 U.S. 1032, 1033 (1989)); *see also United States v. Caremark, Inc.*, 634 F.3d 808, 814 (5th Cir. 2011) (explaining that section 1292(b) "gives a district judge discretion to certify an order" when the statute's requirements are satisfied).

Here, although the Fifth Circuit has yet to adopt or express an opinion regarding application of a "meaningful benchmark" standard in ERISA fiduciary duty cases, the undersigned in ruling on Defendants' Motion to Dismiss concluded that a determination regarding the appropriate benchmark involved issues of fact that could not be decided at the motion to dismiss stage

Order – Page 2

inconsistent with the legal standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) and related binding precedent. Doc. 41 at 14. In addition, the court determined that, even assuming that such issues of fact could be decided at the motion to dismiss stage, Plaintiffs' allegations, combined with the comparisons included in their Amended Complaint, allowed it to reasonably infer imprudence by Defendants with respect to their decision-making process involving the Plan's payment of recordkeeping fees. The court, therefore, agreed with Plaintiffs that they had plausibly stated a claim for breach of the duty of prudence under ERISA, and denied Defendants' Motion on this ground. *Id.*

Defendants maintain that the purpose of their Motion is not to seek reconsideration of the court's ruling on this issue or their Motion to Dismiss. They acknowledge though, that they disagree with the court's ruling, and they express the hope that a different more favorable ruling on appeal regarding the applicable pleading standard in ERISA fiduciary duty cases would avoid wasting precious time while the case grinds through to a final judgment. Section 1292(b), however, is not meant to be used as "a vehicle to question the correctness of a district court's ruling or to obtain a second, more favorable opinion." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 722 (N.D. Tex. 2006) (citing *McFarlin v. Conseco Serv., LLC*, 381 F.3d 1251, 1256 (11th Cir. 2004) (discussing statute's legislative history).

Thus, the undersigned determines that an interlocutory appeal from its memorandum opinion and order will not "materially advance the ultimate termination of this litigation." 28 U.S.C. § 1292(b). Instead, doing so would have the opposite effect, that is, granting Defendants' request to certify an interlocutory appeal and stay the case on this ground would unnecessarily delay the ultimate resolution of this litigation and result in unwarranted piecemeal litigation and appeals.

**Order – Page 3**

Accordingly, having determined that section 1292(b)'s third requirement has not been satisfied, the court need not address Defendants' arguments regarding the remaining requirements for interlocutory appeal and **denies** their Motion (Doc. 44) and request to stay this action pending the requested interlocutory appeal.

**It is so ordered** this 23th day of January, 2024.

Sam A. Lindsay
United States District Judge