United States District Court
Southern District of Texas
**ENTERED**
May 22, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARY LALIBERTE, *et al.*, | § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:22-CV-03290 |
| QUANTA SERVICES, INC., *et al.*, | § § § | |
| Defendants. | § § | |

## ORDER

Before the Court are Defendants' Motion to Certify Interlocutory Appeal (the "Motion") (Doc. #58), Plaintiffs' Response (Doc. #63), Defendants' Reply (Doc. #64), and Plaintiffs' Notice of Supplemental Authority (Doc. #66). Having considered the parties' arguments and the applicable legal authority, the Court denies the Motion.

The Court has already detailed the factual background of this case in its September 29, 2023 Order denying Defendants' Motion to Dismiss. Doc. #53. To summarize, this is a class action suit alleging breach of fiduciary duties under the Employee Retirement Income Security Act ("ERISA"). Doc. #1. Named Plaintiffs Mary Laliberte and Marie McKnight (collectively, "Plaintiffs"), in their individual capacities and as representatives of a class of similarly situated persons, bring this action against their former employer, Quanta Services, Inc. ("Quanta"), as well as Quanta's Board of Trustees and Quanta's 401(k) Savings Plan Committee (collectively, "Defendants"). *Id.* Specifically, Plaintiffs allege that they participated in Quanta's 401(k) Savings Plan (the "Plan") and Defendants breached their fiduciary duties to the Plan because they "selected, retained, or otherwise ratified high-cost and poorly performing investments instead of offering

more prudent alternative investments that were readily available at the time and during the Class Period." *Id.* ¶ 6.

On December 30, 2022, Defendants moved to dismiss Plaintiffs' Complaint in its entirety. Doc. #36. On September 29, 2023, the Court denied the Motion to Dismiss, finding that the allegations in the Complaint "permit the Court to reasonably infer imprudence by the Defendants." Doc. #53 at 5. On October 30, 2023, Defendants filed their Motion requesting the Court certify its September 29 Order for interlocutory appeal. Doc. #58.

In general, "a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994) (citation omitted). However, under 28 U.S.C. § 1292(b) ("Section 1292(b)"), a district court is permitted to certify an order for interlocutory appeal when "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Section 1292(b) appeals are exceptional." *Clark-Dietz & Assocs.-Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983). "The decision to certify is 'within the considered discretion of the trial judge . . . .'" *Havel v. Dentsu Mcgarry Bowen UK Ltd.*, No. CV H-13-1291, 2014 WL 12599406, at *3 (S.D. Tex. Dec. 24, 2014) (quoting *Gonzalez v. Naviera Neptuno A.A.*, 832 F.2d 876, 881 n.5 (5th Cir. 1987)).

Defendants argue that an interlocutory appeal of the Court's September 29 Order is warranted because the Court's denial of Defendants' Motion to Dismiss presents a controlling question of law that may materially advance the litigation: whether Plaintiffs must plead a "meaningful benchmark" to state a claim for breach of fiduciary duty under ERISA. Doc. #58 at

11–12. To support their Motion, Defendants point to the lack of guidance from the Fifth Circuit on this issue, the split of authority among district courts in the Fifth Circuit, and the conflict among other circuit courts. *Id.* at 15–17.

Under similar circumstances, the Honorable Sam Lindsay of the United States District Court for the Northern District of Texas denied certification for interlocutory appeal. In *Seidner v. Kimberly-Clark Corporation*, like in this case, Judge Lindsay denied the defendants' motion to dismiss and rejected their arguments regarding the meaningful benchmark standard, finding that "a determination regarding the appropriate benchmark involves issues of fact that cannot be decided on a motion to dismiss." No. 3:21-CV-867-L, 2023 WL 2728714, at *7 (N.D. Tex. Mar. 30, 2023) (citing *Blackmon v. Zachary Holdings, Inc.*, No. 5:20-CV-988-DAE, 2021 WL 2190907, at *5 (W.D. Tex. Apr. 22, 2021)). Moreover, Judge Lindsay found that "even assuming that this were the proper stage, the court agrees with Plaintiffs that their allegations, combined with the comparisons included in their Amended Complaint, allow the court to reasonably infer imprudence by Defendants." *Id.* This Court made a similar determination when it denied Defendants' Motion to Dismiss because "Plaintiffs' allegations regarding the underperformance, high risk, and costs of the Challenged Investments, in addition to Plaintiffs' suggested comparisons between the TDFs, permit the Court to reasonably infer imprudence by the Defendants." Doc. #53 at 5.

Also like this case, the defendants in *Seidner* sought to appeal the order denying their motion to dismiss pursuant to Section 1292(b), asserting that the question of "whether a plaintiff must plead a 'meaningful benchmark' to state a claim for breach of fiduciary duty under [ERISA]" presented a sufficient controlling question of law. *Seidner v. Kimberly-Clark Corp.*, No. 3:21-CV-867-L, Doc. No. 80 (N.D. Tex. Jan. 23, 2024). Judge Lindsay found that an interlocutory appeal would not materially advance the litigation, as required under Section 1292(b), and thus declined

3

to certify its order denying the defendants' motion to dismiss for interlocutory appeal. *Id.* Here, the Court also finds that an immediate appeal from its September 29 Order will not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Indeed, an interlocutory appeal would only serve to delay these proceedings further.

    Accordingly, the Court hereby DENIES Defendants' Motion.

    It is so ORDERED.

_____MAY 2 1 2024_____  
Date

_____  
The Honorable Alfred H. Bennett  
United States District Judge