# THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| MARY LALIBERTE, *et al.*,<br><br>      Plaintiffs,<br><br>v.<br><br>QUANTA SERVICES, INC.,<br><br>      Defendant. | Case No. 4:22-cv-03290 |

## **ORDER**

This matter is before the Court on the Motion for Class Certification ("Motion") and supporting papers and record of Plaintiffs, Mary Laliberte and Marie McKnight (collectively, "Plaintiffs"). Upon careful consideration of the parties' submissions and the entire record herein, the Court finds that Plaintiffs have established the prerequisites for class certification under Fed. R. Civ. P. 23(a), 23(b)(1)(A), and 23(b)(1)(B), for all purposes of liability and relief; that Plaintiffs should be appointed as class representatives; and that Plaintiffs' counsel should be appointed as counsel for the Class (defined below) under Fed. R. Civ. P. 23(g).

This action should be certified as a class action because such an order will facilitate the orderly prosecution and resolution of the case, protect Defendant from inconsistent and differing rulings, protect absent Class members from an adjudication that will be, as a practical matter, dispositive of their interest without the procedural safeguards of Rule 23, and promote efficiency in the federal courts by precluding unnecessary and duplicative proceedings in this District and elsewhere.

It is hereby **ORDERED** that Plaintiffs' Motion is **GRANTED**.

The Court hereby finds as follows:

1. The Class is defined as:

    All participants and beneficiaries in the Quanta Services, Inc. 401(k) Savings Plan at any time on or after September 26, 2016 and continuing to the date of judgment, or such earlier date that the Court determines is appropriate and just, including any beneficiary of a deceased person who was a participant in the Plan at any time during the Class Period.

2. In accordance with Fed. R. Civ. P. 23(a) and for the reasons set forth in Plaintiffs' submissions and apparent from the record, the Court further finds that:

    a. The Class is so numerous that joinder of all members is impracticable;

    b. There are questions of law and/or fact common to the Class pertaining to liability and relief;

    c. Plaintiffs' claims are typical of the claims of the Class; and

    d. Plaintiffs will fairly and adequately protect the interests of the Class.

3. In accordance with Fed. R. Civ. P. 23(b)(1)(A) and for the reasons set forth in Plaintiffs' submissions and apparent from the record, the Court further finds that:

    Prosecuting separate actions by or against the individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible stands of conduct for Defendant.

4. In accordance with Fed. R. Civ. P. 23(b)(1)(B) and for the reasons set forth in Plaintiffs' submissions and apparent from the record, the Court further finds that:

    Prosecuting separate actions by or against the individual class members would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

5. The Court certifies the Class and this action as a class action for all purposes of liability and relief under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B).

6. The Court appoints Plaintiffs, Mary Laliberte and Marie McKnight, as class representatives.

7. In accordance with Fed. R. Civ. P. 23(g), the Court appoints Miller Shah LLP, Capozzi Adler P.C., and Ajamie LLP as class counsel.

It is so **ORDERED**.

_____                    _____
Date                                              The Honorable Alfred H. Bennett
                                                  United States District Judge