UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MARY LALIBERTE and MARIE MCKNIGHT, individually and as representatives of a class of similarly situated persons, on behalf of the QUANTA SERVICES, INC. 401(K) SAVINGS PLAN,** § § § § § § § **Plaintiffs,** § § **v.** § § **QUANTA SERVICES, INC.,** § § **Defendant.** § § § | **Case No: 4:22-cv-03290 (AHB)** |

## DEFENDANT'S UNOPPOSED MOTION TO FILE EXHIBITS UNDER SEAL

Pursuant to this Court's Procedures and Practices and the Agreed Stipulated Confidentiality Order entered in the above-captioned case, Dkt. 57, Defendant Quanta Services, Inc. ("Quanta" or "Defendant") hereby moves to file under seal certain exhibits in support of its Opposition to Plaintiffs' Motion for Class Certification.

### I.   INTRODUCTION

On October 23, 2023, in anticipation of the fact that this litigation would likely involve the production of confidential information, the Parties negotiated and the Court entered an Agreed Stipulated Confidentiality Order ("Confidentiality Order"). Dkt. 57. The Confidentiality Order provides that a party may designate as "Confidential" any "documents or discovery responses that are in good faith believed to contain or constitute valuable confidential, proprietary, trade secret, or otherwise sensitive information." *Id.* ¶ B.1. The Confidentiality Order further provides that

documents designated as Confidential may not be filed with the Court, unless the designating party consents or the documents are filed under seal. *Id.* ¶ C.7.

On September 20, 2024, Plaintiffs Mary Laliberte and Mary McKnight (together, "Plaintiffs") filed a Motion for Class Certification. Dkt. 71. Plaintiffs simultaneously filed an Unopposed Motion to File Exhibits Under Seal ("Plaintiffs' Motion to Seal"), seeking to file under seal several exhibits offered in support of their Motion for Class Certification that had been designated as Confidential pursuant to the Confidentiality Order. Dkt. 72. The Court granted Plaintiffs' Motion to Seal on September 30, 2024. Dkt. 74.

On November 1, 2024, Quanta filed its Opposition to Plaintiffs' Motion for Class Certification ("Defendant's Opposition"). Dkt. 77. In support of its Opposition, Quanta attached as exhibits several documents designated as Confidential. Specifically, Quanta attached the following Confidential exhibits:

- Plaintiff McKnight's Severance Agreement ("Exhibit B")
- Plaintiff Laliberte's Severance Agreement ("Exhibit C")
- Expert Report of Dr. Adam Werner ("Exhibit D")

Counsel for Quanta has conferred with Plaintiffs' counsel, who have stated that they do not oppose Quanta's request to file the above exhibits under seal.

For the reasons that follow, Quanta respectfully requests that the Court grant this Unopposed Motion to File Exhibits Under Seal.

## II.  ARGUMENT

A court may properly "order documents sealed where, on balance, the party's interest in having them sealed outweighs the public's interest in open access to judicial records." *Occidental Petroleum Corp. v. Wells Fargo Bank*, 622 F. Supp. 3d 495, 507 (S.D. Tex. 2022); *see also In re*

*Pratt*, 511 F.3d 483, 485 (5th Cir. 2007) ("While courts have recognized a common law right to inspect and copy judicial records, the right is not absolute.") (internal citation and quotation omitted). The determination of whether to seal judicial records is entrusted to "the sound discretion of the trial court . . . to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 599 (1978).

Sealing the above referenced exhibits is warranted under the facts of this case. As an initial matter, each exhibit was designated as Confidential (one by Defendant and two by Plaintiffs) pursuant to the Confidentiality Order. "The fact that the parties agreed to keep documents confidential is a factor that supports a sealing order." *DISH Network, LLC v. WLAJ-TV, LLC*, 2017 WL 1333057, at *2 (W.D. La. Apr. 3, 2017); *see also Seals v. Herzing Inc. New Orleans*, 482 F. App'x 893, 896 (5th Cir. 2012) (noting that "the parties' agreement to maintain confidentiality" supported a district court's decision to seal documents).

More fundamentally, the exhibits may contain information that could "become a vehicle for improper purposes" and which courts have recognized as warranting sealing. *Nixon*, 435 U.S. at 598. Exhibits B and C contain sensitive personal information regarding the Plaintiffs and their finances, including the amount of severance benefits they were paid. As courts within this District have recognized, documents containing "extensive financial information of the sort that is often kept confidential" are appropriately sealed. *Udoewa v. Plus4 Credit Union*, 754 F. Supp. 2d 850, 884 (S.D. Tex. 2010) (collecting cases); *see also Apple Inc. v. Samsung Elec. Co., Ltd.*, 727 F.3d 1214, 1226 (Fed. Cir. 2013) (finding that a district court abused its discretion in refusing to seal a party's "detailed financial information"). For this reason, courts regularly seal confidential severance agreements similar to those at issue here. *See, e.g.*, *Murray v. Waitr Holdings Inc.*, 2019 WL 7944814, at *2 n. 3 (W.D. La. Nov. 14, 2019); *Landeck v. Unum Life Ins. Co. of Am.*, 2018

WL 11472373, at *6 (N.D. Cal. Oct. 15, 2018); *Powers v. Niche Media Holdings, LLC*, 2009 WL 10669266, at *2 (S.D. Fla. Oct. 26, 2009).

Exhibit E is an expert report offered by, and designated as Confidential by, Plaintiffs in connection with this matter and contains some confidential business information regarding Quanta's employee benefits. The Fifth Circuit has recognized that "sealing may be appropriate where [documents] incorporate confidential business information," and courts in this District frequently permit parties to file such information under seal. *N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015); *see also, e.g., Binh v. King & Spalding LLP*, 2022 WL 130879, at *3 (S.D. Tex. Jan. 10, 2022); *Occidental Petroleum Corp.*, 622 F. Supp. 3d at 507 (collecting cases and noting that "[c]ourts in this circuit have sealed documents to prevent the disclosure of confidential business information").

WHEREFORE, for the foregoing reasons, and for good cause shown, Defendant respectfully requests that the Court grant this Motion and permit Defendant to file under seal Exhibits B, C, and D to the Defendant's Opposition.

Dated: November 1, 2024                             Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

/s/ *Jeremy P. Blumenfeld*
Jeremy P. Blumenfeld, *Admitted Pro Hac Vice*
Attorney-In-Charge
Pennsylvania Bar No. 85955
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
*jeremy.blumenfeld@morganlewis.com*

David J. Levy
Texas Bar No. 12264850
S.D. Tex. No. 13725
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
Telephone: (713) 890-5000
*david.levy@morganlewis.com*
*Counsel for Defendants*

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for the parties have conferred regarding Defendant's Motion to File Exhibits Under Seal and that Plaintiffs do not oppose the requested relief.

/s/ *Jeremy P. Blumenfeld*
Jeremy P. Blumenfeld

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served via the Court's ECF/CM e-filing system to all counsel of record who are deemed to have consented to electronic service on November 1, 2024.

/s/ *Jeremy P. Blumenfeld*
Jeremy P. Blumenfeld