# Exhibit E

**CONFIDENTIAL SEVERANCE AGREEMENT
AND RELEASE OF ALL CLAIMS**

This Confidential Severance Agreement and Release of All Claims (this "Agreement") is made and entered into by and between Mary B. Laliberte ("Employee") and Quanta Telecommunication Services, LLC, a Delaware limited liability company (the "Company").

The parties have reached certain mutual agreements and understandings with respect to the termination of Employee's employment with the Company, and desire to settle fully and finally any claims, disputes and obligations relating to Employee's employment with the Company and the termination thereof.

By signing this Agreement, the Company and Employee agree as follows:

1.  **Termination of Employment.** Employee's employment with the Company will end on May 1, 2020 (the "Termination Date").

2.  **Severance Benefits.** Subject to the terms of this Agreement, the Company will pay Employee $2,843.00 (Two Thousand Eight Hundred Forty-Three Dollars and No Cents), less applicable taxes (the "Severance Benefits"). Employee acknowledges and agrees that the Severance Benefits are being provided in consideration for Employee's execution of this Agreement.

3.  **Tax Consequences.** Employee acknowledges and agrees that the Company has made no representations to Employee regarding the tax consequences of any Severance Benefits received by Employee pursuant to this Agreement.

4.  **Benefits Not Otherwise Entitled To.** Employee agrees that the Severance Benefits set forth in Paragraph 2, herein, are provided in addition to and otherwise exceed any payment, benefit or other thing of value to which Employee might otherwise be legally entitled to receive from the Company.

5.  **Acknowledgment of Full Payments.** Employee agrees that the Company has paid all of the wages, fees, commissions, expense reimbursements, vacation, sick pay, holiday pay and all other employee benefits due and owing to Employee as a result of Employee's employment with the Company, and that no other compensation or payments of any kind or nature is owed to Employee, other than as provided in this Agreement.

6.  **Non-Disclosure of Agreement Terms.** Employee agrees to keep all terms of this Agreement, and all facts and claims leading up to this Agreement's negotiation and execution, absolutely confidential and shall not divulge or discuss them with anyone, except as required by law or to members of Employee's immediate family, Employee's attorney and accountant, if Employee assures that they will keep the terms strictly confidential. This shall not prevent Employee from making statements to the extent required by applicable law to respond to an order or subpoena of a court of competent jurisdiction or in response to any subpoena issued by a state or federal governmental

agency, provided that Employee will provide the Company with prompt notice of any such legal requirement so that the Company or its designee may seek a protective order or other appropriate remedy. Notice is not required where disclosure is required by any governmental agency that directs Employee to refrain from notifying the Company or with regard to matters before the Securities and Exchange Commission. Nothing in this Paragraph 6 shall be construed to prohibit Employee from exercising Employee's rights as specified in Paragraph 8(c). Any violation of the obligations set forth in this Paragraph 6 or any breach of this Agreement will give rise to damages that are difficult or impossible to quantify; therefore, Employee will immediately tender back to the Company any Severance Benefits received under this Agreement as a result of such breach.

7. **General Release.** In consideration of the Severance Benefits, the receipt and adequacy of which are hereby acknowledged by Employee, Employee, for Employee, Employee's heirs, executors, administrators, successors and assigns, hereby releases and discharges the Company, its parent companies, affiliates, associated companies, and subsidiaries, their respective associated companies and subsidiaries, all of their respective present and former officers, directors, supervisors, managers, employees, stockholders, agents, attorneys and representatives, and the successors and assigns of such persons and entities (collectively, the "Released Parties"), from any and all claims, causes of action, suits, debts, controversies, judgments, decrees, damages, liabilities, covenants, contracts and agreements, whether known or unknown, in law or equity, whether statutory or common law, whether federal, state, local or otherwise, including, but not limited to, any claims relating to, or arising out of any aspect of Employee's employment with the Company, or the termination of such employment, including without limitation:

  (a) any and all claims arising under any federal, state, or local statute, including but not limited to, Title VII of the Civil Rights Act of 1964, as amended by the Equal Pay Act and the Pregnancy Discrimination Act, the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, the Civil Rights Act of 1866, the Civil Rights Act of 1991, the Employee Retirement Income Security Act of 1974, the Family Medical Leave Act of 1993, the Immigration Reform and Control Act of 1986, the Occupational Safety and Health Act, the Consolidated Omnibus Budget Reconciliation Act, the Uniformed Services Employment and Reemployment Rights Act of 1994, the National Labor Relations Act, 42 USC §§ 1981-86, the Florida Civil Human Rights Act, claims related to paid sick and family leave under any Company policy or federal state or local law or regulations;

  (b) any and all claims arising under any other federal, state, or local labor law, civil rights law, or human rights law;

  (c) any and all claims arising under common law, including, but not limited to, claims for defamation, libel, slander, false imprisonment, breach of contract, or tortious interference with business relations;

CONFIDENTIAL                                                              QUANTA_002024

(d) any and all claims for monetary recovery, including but not limited to, severance pay, back pay, front pay, liquidated, compensatory and punitive damages, attorneys' fees, disbursements and costs.

To the extent any claim is not releasable, Employee acknowledges that the payments and consideration received hereunder more than offset any monetary sums owing to Employee from any non-releasable claim. Nothing herein shall be construed to prohibit Employee from exercising Employee's rights as specified in Paragraph 8(c) or shall prevent Employee from enforcing the terms of this Agreement.

8. **No Claims.**

   (a) Employee further represents that Employee has never commenced or filed and agrees not to commence, file, voluntarily aid or in any way prosecute or cause to be commenced or prosecuted against the Released Parties any action, charge, complaint or other proceeding, subject to the provisions of Paragraph 8(c).

   (b) In the event Employee files any civil complaint or commences any litigation of any kind that is covered by the release in this Agreement, Employee shall immediately tender back all consideration received under this Agreement and pay all of the attorneys' fees, expenses and costs incurred by the Released Parties in connection with the complaint or action filed. The Released Parties shall also have the right of set-off against any obligation to Employee under this Agreement. In addition to the remedies noted above, the Released Parties may pursue all other remedies available under law or equity to address Employee's breach of this Agreement.

   (c) Nothing in this Agreement shall be construed to prohibit or restrict Employee's right to provide information to, or otherwise assist or participate in, any investigation or proceeding conducted by any administrative agency, including the Equal Employment Opportunity Commission, the Department of Labor, the National Labor Relations Board, the Occupational Safety and Health Administration, the Securities and Exchange Commission, or any other federal, state, local or administrative agency charged with enforcement of any law applicable to Employee's employment with the Company or the termination of that employment. Further, this Agreement does not limit Employee's right to file a charge or claim with any governmental agency in connection with any claim Employee believes Employee may have against any of the Released Parties. Notwithstanding the foregoing, Employee agrees to waive Employee's right to recover monetary damages or any personal relief (including, but not limited to, reinstatement, back pay, front pay, damages, and attorneys' fees) in connection with any such charge or complaint, as well as with regard to any charge, complaint or lawsuit filed by anyone else on Employee's behalf, provided this shall not apply to certain claims filed with the Securities and Exchange Commission or with regard to any other claim not releasable as a matter of law. Further, the tender back provision in Paragraph 8(b) above shall not apply to any administrative charges or filings referenced in this Paragraph 8(c). To the extent

3

        permissible by law, the Severance Benefits will be credited against any sums received by Employee pursuant to a claim not releasable as a matter of law.

    (d)    Any non-disclosure, non-disparagement, or waiver provision in this Agreement shall not prohibit or restrict Employee from initiating communication directly with, or responding to any inquiry from, or providing testimony before, any governmental agency, regarding the Released Parties, Employee's employment, this Agreement, or the underlying facts or circumstances.

9.    **Non-Admission of Wrongdoing.** This Agreement shall not in any way be construed as an admission by the Company of any liability, or of any unlawful, discriminatory, or otherwise wrongful acts whatsoever against Employee or any other person.

10.    **Knowing and Voluntary Waiver.** Notwithstanding any other provisions of this Agreement to the contrary, Employee agrees that this Agreement constitutes a knowing and voluntary waiver of all rights or claims Employee may have against the Released Parties. The Company hereby advises Employee to consult with an attorney, prior to executing this Agreement.

11.    **Job Reference.** Pursuant to Company policy, the Company will respond to inquiries from other employers and outside entities regarding Employee. Responses to such inquiries will only confirm the accuracy of factual data concerning dates of employment and position(s) held. The Company will not discuss the reasons for Employee's termination or its evaluation of Employee's performance.

12.    **Return of Company Property and Confidentiality Obligations.** Employee agrees that on or before May 1, 2020, Employee shall return or shall have returned all Company Property and Confidential Information (as defined below). "Company Property" means all property of the Company, including, but not limited to, Company issued/owned computers, laptops, peripheral electronic equipment (e.g., printers, cameras, projectors, computer docking stations, etc.), Blackberry or other personal digital assistants (PDAs), cellular telephones, credit cards, keys, door cards, tools, equipment on loan, and any other Company books, manuals, and journals. "Confidential Information" means all confidential, sensitive or proprietary information belonging to the Company, including, but not be limited to, all business records, manuals, memoranda, computer records, electronic files, lists and other property delivered to or compiled by Employee by or on behalf of Company, or its representatives, vendors or customers that pertain to the business of Company, as well as all correspondence, reports, records, charts, and other similar data pertaining to the business, activities or future plans of Company that was collected by Employee during his employment with the Company. For purposes of this Paragraph 12 and Paragraph 13, "Company" shall include all parent companies, affiliates, associated companies, and subsidiaries.

    Employee agrees that Employee will not, without the prior written consent of the Company, either directly or indirectly, transmit or disclose to any person or entity any Confidential Information or use any Confidential Information for Employee's own benefit or the benefit of any other person or entity, or to the detriment of the Company,

4

except this shall not prevent Employee from making statements to the extent required by applicable law to respond to an order or subpoena of a court of competent jurisdiction or in response to any subpoena issued by a state or federal governmental agency; provided that Employee will provide the Company with prompt notice of any such legal requirement so that the Company or its designee may seek a protective order or other appropriate remedy. Notice is not required where disclosure is required by any governmental agency that directs Employee to refrain from notifying the Company or with regard to matters before the Securities and Exchange Commission. Nothing in this Paragraph 12 shall be construed to prohibit Employee from exercising Employee's rights as specified in Paragraph 8(c).

13. **Non-Disparagement.** Employee agrees not to make any disparaging or negative statements about the Company, its services or its current or former directors, officers, supervisors, managers, or employees. Nothing in this Paragraph 13 shall be construed to prohibit Employee from exercising Employee's rights as specified in Paragraph 8(c).

14. **Rehire.** Employee acknowledges that the Company has not promised or represented to Employee in any way that he will be employed or rehired by the Company or its affiliates in the future in any capacity.

15. **Cooperation.** In consideration of the Severance Benefits, to the maximum extent required or permitted by law, Employee agrees to cooperate with the Company to provide all information or testimony that it may hereafter reasonably request with respect to matters including but not limited to administrative, judicial, or other proceedings, inquiries or investigations, involving Employee's present or former relationship with the Company, the work Employee has performed, or present or former employees or clients of the Company, so long as such requests do not unreasonably interfere with any other job in which Employee is engaged. The Company agrees to reimburse Employee for all reasonable out-of-pocket costs Employee shall incur in connection with such cooperation. This provision does not require Employee to notify the Company if Employee has made reports or disclosures to any state or federal agency, or to secure the Company's permission to do so.

16. **Entire Agreement/Severability/Modification.** This Agreement sets forth the entire agreement between Employee and the Company and fully supersedes and replaces any and all prior agreements or understandings, written or oral, between the Company and Employee pertaining to Employee's employment or the subject matter of this Agreement. Should any provision of this Agreement be found to be overbroad, or declared or determined by a court to be illegal or invalid, the court shall have the power to modify this Agreement so that it conforms with prevailing law and the validity of the remaining parts, terms or provisions shall not be affected thereby. Employee represents that in executing this Agreement, Employee does not rely on any statement or fact not set forth herein. This Agreement may not be modified except by a writing signed by both parties hereto.

17. **Governing Law.** This Agreement will be governed by, and construed and interpreted in accordance with, the laws of the State of Florida applicable to contracts to be performed

CONFIDENTIAL                                                                                           QUANTA_002027

exclusively therein without regard to the choice of law provisions thereof. Any action to enforce this Agreement or address any dispute hereunder shall be commenced in a court of competent jurisdiction within the State of Florida, and the parties to this Agreement unconditionally waive trial by jury. This Agreement will not be construed against any party on the ground that it was the drafter of the Agreement or any particular provision. All captions and headings herein contained are inserted for convenience of reference only and shall not affect the meaning or interpretation of this Agreement. Employee agrees to pay all costs and expenses (including reasonable attorneys' fees) incurred by the Released Parties in enforcing the terms of this Agreement upon any breach by Employee hereunder.

18. **Acknowledgment.** Employee expressly acknowledges and agrees that Employee has carefully read this Agreement; that Employee fully understands the terms, conditions and significance of this Agreement; that the Company has advised Employee of Employee's right to consult with an attorney concerning this Agreement; and that Employee has executed this Agreement voluntarily, knowingly and with such advice of an attorney as Employee has deemed appropriate.

Dated: May 5, 2020

**EMPLOYEE:**

*/s/ M. Laliberte*
Mary B. Laliberte

CONFIDENTIAL

QUANTA_002028